## BURTON et al. vs. HOLLY.

1. In this State, a married woman, with the assent of her husband, may make a valid will of her *choses in action*, in his favor.—(PARSONS, J., dissenting.)

ERROR to the Orphans' Court of Greene.

THIS was an application, made to the Orphans' Court by the defendant in error, to admit to probate the will of Mary S. Hassel, deceased, by which she bequeated to Webster R. Hassell, since deceased, certain personal property to which she was entitled, under the will of her father, after the termination of a life estate in her mother. The plaintiffs in error resisted the application, on the ground that at the time of the making of the will, the said Mary S. Hassell was a married woman, and the wife of the said Webster R. Hassell, in whose favor the bequest is made. The witnesses to the will were introduced, and testified that the will was written by one of them, at the time it bears date, under the direction and by the request of the testatrix, the said Webster R. Hassell, her husband, being present and assenting to it, and that the said Webster R. used no persuasion or threats to induce her to make it, &c. It was also shown that the said will was executed about six months prior to the death of the testatrix. The court, thereupon, admitted the will to probate, to which the plaintiffs in error excepted, and which they now assign as error.

THORNTON, for the plaintiffs in error:

The only question in this case is, can a married woman make a will, bequeathing her personal estate to her husband. The instrument offered for probate purports to dispose of both real and personal property, but for defect of attestation was admitted to probate only as a testament of personalty. As to the capacity of a *femme covert* to devise realty, doubtless she cannot either at common law, or under the statute of wills.—Osgood v. Breed, 12 Mass. 530; Coke on Litt. 112, in note; Thos. Coke, 1 vol. 104; Bing. on Coverture, 239; Forse & Hembling's case, part 4th, 2 vol. Coke's Rep. 61. As to her personal property, which does not belong to her husband, and cannot at the moment the devise takes effect, she may dispose of it by will at

the common law, even of her choses in action.—Reeves' Dom. Rel., 50. And it would seem that on the principles of the common law, where she can make a will, she ought to be allowed to act freely, independently of the consent of her husband. In the action of a *feme covert* in regard to her own property, two things are to be considered,—first, his marital rights, and secondly, her right to be free from his coercion. His consent, it would seem to me, ought only to be required when some right of his would otherwise be invaded, and hence it appears, that in the cases where it was originally holden that his consent was necessary to her will, it was his property that was bequeathed.—Reeves' Dom. Rel., 141-2, and on to 150, &c. I only insist however, in this case, that a will by a *feme covert* of her own property to her husband, which property is derived from no settlement or trust, by will or deed, with power of disposition, is void, and ought not to be admitted to probate as a valid testament, on the principle of the authorities first above cited, and adopted in Scammell v. Wilkinson, 2 East. 555; Hood v. Archer, 1 McC. 225; 2 ib. 454; see also, 1 Jarman on Wills, 33.

J. B. CLARKE, for the defendant:

1. By the act of marriage, the wife gives to the husband absolutely, all her personal chattels in possession, with the right to reduce during the coverture her choses in action, to his possession.—Reeves' Dom. Rel. 1 and 3; Coke Litt. 351, *b*; Johnson v. Wren, 3 Stew. 172; Mayfield v. Clifton, ib. 375; Bibb v. McKinley, &c., 9 Port. 543; Welch's Heirs v. Welch's Adm'r, 14 Ala. 76.

2. This being the law, Webster R. Hassell acquired by marriage the right, in the event that the coverture extended to a period beyond the termination of the life estate of the wife of Mrs. Hassell's father, to reduce the specific share of the personal estate of her father bequeathed by him to his daughter Mrs. Hassell, to his possession as husband as his own property.

3. Hence he had such a right to the legacy coming to his wife, that no one could deprive him of, not even his wife, and although contingent and in expectancy, it became so far his property that a bequest by his wife thereof could not be made without his consent, as such bequest might defeat his estate in expectancy.

28

Burton et al. v. Holly.

4. This brings me to the principle decided in so many authorities, and denied, I believe, in none, that the wife may devise her personal estate by the consent of her husband.—Scammell v. Wilkinson, 2 East. 552; Stephens v. Bagwell, 15 Ves., jr., 139-53; Smellie v. Smellie, 2 Dessaus. 66; 10 Bacon's Abr. 482, Bouv. ed.; 2 Wms. on Exr's, 42; 2 Black. Com., 498; 2 Stephens Com., 233; Loveless on Wills, 266, 2 3, *d. d.*

5. And this assent shall be presumed to have continued after her death unless the contrary appears.—Loveless on Wills, 266; 1 Lomax on Exr's, 12.

6. By the civil law a married woman had the same right to devise her estate as a single one, with or without the consent of her husband.—1 Wms. on Exr's, 42; 2 Black. Com. 497, refering to the Pandects, 31, 1, 77. And this was right, because by the marriage, under the civil laws, the woman did not lose her right to her property, but only the control of her marriage portion during the coverture. The act of marriage was not a gift to the husband of her personal estate in possession, with the right to reduce to his possession her choses in action. And this rule of the civil law was made one of the canons of the Ecclesiastical law in England by Archbishop Stafford, refered to by Reeves in his Dom. Rel., 142, and in the argument of counsel in 5 N. H. Rep. 205.

7. But by the law of husband and wife, as now understood in this country, this natural and civil law right is qualified by the intervention of the right of the husband to reduce the property during the coverture, with or without the consent of the wife, to his possession; consequently no disposition ought or could be made of it by the wife which would interfere with the marital right of the husband to reduce it to his possession except by his consent.

8. This then brings me to the question whether the wife's personal estate, not reduced to the possession of the husband, is so situated, that no disposition by will can be made of it, by either the husband or wife. The husband cannot devise it, because his right depends on his reducing it to possession during the coverture.—Reeves' Dom. Rel., 4. Then cannot the wife by his consent?—Reeves' Dom. Rel., 138 to 149 inclusive; Brooke v. Turner, 1 Mod. R. 211; 2 ib. 170.

9. As a married woman can make a will of her chattels, with the

assent of her husband, cannot such will be in his favor? There is no question that a married woman can make a will of her separate estate.—Reeves' Dom. Rel., 145; Clancy on H. & Wife, 308; Fettiplace v. Gorges, 1 Ves., jr., 46. By these authorities it will be seen that she is competent to do anything with her separate property that an unmarried woman could do with hers, consequently she can devise it to her husband.—See Jacques v. Methodist E. Church, 17 J. R. 548; Marsh v. Tyrell, &c., 2 Hogg, 84; 4 Ecclesiastical Rep. 33; Baker v. Batts, 1 Curtis, 125; 6 ib. 290.

10. There is no difference in principle, between the power of a married woman to bequeath her separate estate to the husband, and the bequest by her to him of property upon which his marital rights have not been perfected by possession.

11. In South Carolina there is a statute, expressly prohibiting a married woman from making a will.—3 Stat. of S. C., 42.

CHILTON, J.—The question in this case is, whether a *feme covert* can make a valid will of her choses in action to her husband, with his concurrence. The reason assigned why she cannot, by the cases which deny her the power, is, that being *sub potestate viri*, the law will presume that the husband coerces her to the act, and holds the will invalid, because she is not a free agent. Since the decision in Fettiplace v. Gorges, 1 Ves., jr., 46, it has been well settled, that a *feme covert* may dispose of her separate estate, as though she were a *feme sole*, and this without the husband's consent. She takes it, say the books, with all its privileges and incidents, one of which is the *jus disponendi*.—1 Jarm. on Wills, 33; Jacques v. Methodist E. Church, 17 Johns. 548; 2 Hagg. Ecc. Rep. 84, (S. C. 4 Ecc. Rep. 33.) She may then, possessing this right, bequeath such personal estate to the husband. Now is it not manifest, that the husband would have many more inducements to exercise an undue influence over the wife to obtain a will, bequeathing to him her separate estate, to which he could not otherwise succeed, than he would have in procuring a will of her choses in action, which he has a right to reduce into possession, during the coverture, and so become sole owner, and which he may, also, release? To my mind, it is clear, that while there may be strong inducement on the part of the husband, in the first case

supposed, there can usually be but little in the latter. Upon what principle then, can we hold the will valid in the one, wherein the objection might with plausibility apply, and deny her power to make a will in the other case, where the inducement to an improper exercise of the marital authority is cut off by the power vested in the husband of becoming the owner of the subject of the bequest in a different manner? I see no reason for the distinction, and as reason is the life and soul of the law, I am unwilling to recognise a rule, which, in my opinion, not only fails to conform, but is directly opposed to it. If the wife, by the husband's concurrence, may will her *choses in action* to a stranger, to any one but the husband, then, perhaps, in most cases she would be denied the power of prefering the desired object of her bounty. I have looked into the cases, and I think we violate no established rule of law, in holding that the wife has the power to make such will as the one before us, in respect to her *choses in action.* Decree affirmed.

DARGAN, C. J.—All the authorities agree that a married woman, with the consent of her husband, may make a will of her *choses in action* in favor of a stranger.—Roper on H. & Wife, 170; Wms. on Exr's, 40; Lomax on Exr's, 12. But I have found no case in the English books, in which the question arose whether she could will them to her husband. The reason, I apprehend, why no such case is to be found is this, that by the law of England, the husband is entitled to administer his wife's *choses in action,* not reduced to possession during her life, and when he reduces them to possession by virtue of his letters of administration, they become absolutely his own, consequently a will by the wife, bequeathing them to him after her death, would be to give him what the law itself gave him. But the law of this State differs from the law of England upon this subject. Here, unless the husband reduce the wife's *choses in action* into possession during the coverture, he can claim no beneficial interest in them, nor is he entitled to administration upon her goods, in opposition to the rights of her next of kin.—Strader v. Randall, 17 Ala. The husband then may take an interest under the will of his wife, *in her choses in action,* in this State, which the law would not give him, if she is capable of making a will in his favor, and I see no reason why she

should be held capable with her husband's consent, to will them to a stranger, but incapable of bequeathing them to him. No one will deny, I apprehend, that she may make a will in favor of her husband of her separate estate, unless she is restrained from doing it by the instrument creating the estate, and there appears to me as great objection in allowing this, as in allowing her to make a will in his favor of her *choses in action*, can we give a well founded reason why a married woman may bequeath her separate property to her husband, but not her *choses in action?* He would, if he survived her, take an interest under both wills, and is it not as reasonable to suppose that the one was obtained by undue influence as the other? To deny the right of the wife to make a will in favor of the husband in the one case, on the ground that the will may have been obtained by coercion or the exercise of undue influence, would apply with equal force in the other, and she ought to be altogether incapacitated from bequeathing her property to her husband, or she ought to be allowed to do it in every case, where he could take under the will. The husband may be the person, to whom the wife, above all others, would wish to give her property, and there may be cases in which it would be but a simple act of justice for her to do so. She should not be deprived of the power of gratifying her wish, by giving her *choses in action* to her husband, when we would permit her to dispose of her separate property in his favor. In my judgment there is no reason for such a distinction, and it should not exist. The wife has the undoubted right to make a will of her separate estate in favor of her husband, which if freely and voluntarily done, will pass the title to him, and she may equally make a will in his favor when the subject matter of it is her *choses in action*.

PARSONS, J., dissented, but delivered no opinion.