# MARYLAND REPORTS.

## DECEMBER TERM, A. D., 1854.

### JUNIUS B. BOOTH vs. ELBRIDGE G. HALL.

An action of *debt* will not lie upon an agreement under seal to pay money by instalments, until all the instalments are due.

After a *writ* had been issued and a declaration filed in *debt*, and a plea of *non assumpsit* entered, an agreement was made between counsel that "all errors *in pleading in this case* shall be waived," and any matter may be given in evidence which could be so given if the same had been properly pleaded. HELD:

That this agreement did not have the effect of converting the action of debt into one of covenant, so as to admit evidence which was properly admissible under the latter form of action only.

The writ which determines the form of action is no part of the pleadings; the latter commence with the declaration.

APPEAL from Baltimore county court.

This was an action of *debt*, brought on the 4th of September 1850, by the appellee against the appellant. The *writ* and *declaration* were both in *debt*, the latter averring that by an agreement under seal, dated the 29th of June 1850, the plaintiff agreed to sell the defendant certain described land at a certain price per acre, which the latter agreed to pay for as follows: one-third of the purchase money, deducting $20 paid in cash, on the 5th of July 1850; one-third in six months, and one-third in twelve months thereafter; and that on said 5th of July 1850, the defendant did not pay said one-third of the purchase money, whereby, according to the tenor of said agreement, an action hath accrued to the plaintiff to demand of the defendant the sum of $2809.99. At the foot of this declaration was the agreement signed by the counsel

of the parties, stated in the opinion of this court. The plea was *non assumpsit*.

*1st Exception.* The plaintiff to maintain the issue on his part, offered the agreement referred to in the declaration, which was signed and sealed by both the plaintiff and defendant, the handwriting of the parties thereto being admitted. The defendant objected to the admission of this paper in evidence. The plaintiff then offered the agreement of counsel, above referred to, and then renewed his offer to read said agreement of the parties. The defendant still persisted in his objection, but the court, (LE GRAND, A. J.,) overruled the objection, upon the ground that said agreement of counsel authorized the plaintiff to recover in this suit in another form of action ' than an action of debt, and as the said agreement of the parties would be admissible in an action of covenant it was admissible in this case, and permitted the same to be read accordingly. To this ruling the defendant excepted.

Several other exceptions were taken by the defendant in the course of the trial, raising questions which were argued at length in this court, the most important of which was, whether a vendor can sue *at law* for the purchase money upon an agreement for the sale of land, without *averring in pleading*, and proving that he had *good title* to the land at *the time* of suit brought? but as the case was decided *exclusively* upon the construction of the agreement of counsel referred to in the first exception, the others, as well as the arguments upon them, are not reported. The verdict and judgment were in favor of the plaintiff, and the defendant appealed.

The cause was argued before ECCLESTON, MASON and TUCK, J.

*William Schley* for the appellant.

It is clear that an action of *debt* will not lie upon an agreement for the payment of money by instalments until all the instalments are due. *Platt on Covenants*, 545, in 3 *Law Lib.*, 244. This suit was brought when the first instalment only

Booth vs. Hall.

was due, and the question arising upon the first exception is, whether this fatal objection to the suit was waived by the agreement of counsel? This agreement merely says that "all errors in pleading in *this case* shall be waived." The *case* must precede the *pleadings;* the defendant is brought in by a writ and the *case is then begun.* The *writ* is not a part of the pleadings. *Smith on Actions at Law,* 72, in 60 *Law Lib.,* 39. When the defendant appears the *pleadings commence,* and the process by which he is brought in is not a part of the pleadings. Here the defendant was brought in by a writ in *debt* to answer in an action of *debt,* and was *declared* against in *debt.* The agreement was therefore made in a *pending* action of *debt,* and only waives all formal errors of pleading in this action—this case. It does not *make the case,* for that was made prior to the agreement.

*E. G. Kilbourn* and *John Nelson* for the appellee.

In this State it is frequently the practice to file the declaration before the writ issues. Such was the case here, and as soon as it was found that the writ as well as the declaration should have been in *covenant* instead of *debt,* the counsel endeavored to correct the mistake by the usual agreement, that all errors in pleading should be waived, and that any matter or thing might be given in evidence by either party at the trial which could be given in evidence if the same had been properly pleaded. This agreement was put upon the *nar,* and the proper construction of it is that the evidence was to be admitted as it would have been in *any form of action.* This is plainly the purport and spirit of the agreement; the object was to give in evidence the covenant upon which the suit was brought. To test the construction, suppose the plaintiff had declared in *covenant* instead of debt, the defendant could have raised the objection of a variance between the writ and the *nar* only by a *plea in abatement,* and this is clearly an error in pleading which the agreement waives. Besides, this is an agreement between counsel to be liberally construed. 7 *H. & J.,* 344, *Laurenson vs. The State.*

MASON, J., delivered the opinion of this court.

In this case the plaintiff *sued* and *declared* in debt, and the defendant pleaded *·non assumpsit.* Thereupon the counsel entered into the following agreement, to wit: "It is agreed by and between the undersigned, that all errors in pleading in this case shall be waived, and that any matter or thing may be given in evidence by either party at the trial thereof, which could be given in evidence if the same had been properly pleaded." In the progress of the trial, to support his action, the plaintiff offered in evidence *a covenant* between himself and defendant, to the admissibility of which, under the pleadings and the agreement, the latter objected, and the first question therefore to be settled by this court, and the one which we think will determine the case, is, whether, under the agreement to cure defective pleadings, this testimony was admissible. It was conceded by the plaintiff as settled law, that as all the several instalments or payments provided for by the covenant were not due at the time the suit was instituted, an action of *debt* would not lie to recover such of them as were due, and that therefore the present action cannot be sustained on this covenant. To remedy this error, we must give to the agreement the effect of converting the action of debt into one of covenant. We do not think it will admit of such a construction. The office of the agreement was simply to cure defects or errors *in pleading in this case.* The books all concur, that *the writ* which determines the form of action is no part of the pleadings, but that they commence with the declaration, and therefore all the alterations or amendments which might be made in *pleading* could not affect the writ. The most therefore that could be done under this agreement would be to amend the pleadings in *an action of debt*, as this is, and it would be impossible so to shape a declaration in debt as to allow *a covenant*, like the one in this case, to be offered in evidence in support of it.

As this agreement was entered into by the *attorneys*, it is to be presumed that they used the word *pleading* in its legal sense, and did not intend it to have any broader signification.

The dissimilitude between the declaration and the plea, of itself, surely furnished sufficient material for the agreement to operate upon, without making it apply to errors in the writ or form of action.

For the rule which we have adopted for construing agreements, see the case of *Marshall vs. Haney,* 4 *Md. Rep.,* 506, and the cases there cited.

As this point concludes the case, we will, without discussing the other questions presented by the record, reverse the judgment, but without prejudice.

*Judgment reversed and procedendo refused.*

TUCK, J., dissented.