JOHN J. LOOMIS, administrator, and ANNA LOOMIS, administratrix, &c. *vs.* ADAM LOOMIS.

Exceptions to the report of a referee should not be general. They should be specific, and point out the error complained of.

The provision of the Revised Statutes declaring that "a will executed by an unmarried woman shall be deemed revoked by her subsequent marriage," is not repealed by implication by the acts of 1848, 1849 and 1860, for the more effectual protection of the property of married women, but is still in force.

THE deceased, Catharine Loomis, was in the year 1853 married to the defendant. Her maiden name was Catharine Coon. Before she was married, in the year 1853, she made a will—leaving $750 in money, which, after she was married to the defendant, came to his possession. She died in November, 1860, leaving the defendant her surviving husband. Her said will was proved before the surrogate of Oneida county. The plaintiffs were, by said surrogate, appointed administrators of her estate, with said will annexed. They demanded the money of the defendant, and he refused to pay it, and this action is brought to recover it. The case was tried before a referee, who held the said will to be valid, and that the defendants' right to said money was thereby cut off. Judgment was entered in favor of the plaintiffs, and the defendant appealed to this court.

*N. Messenger,* for the appellant.

*J. Snow,* for the respondents.

*By the Court,* MURRAY, J. There is no available exception to the report of the referee. The exceptions are general, not specific. They should be specific, and point out the error complained of. (*Tyler* v. *Willis,* 33 *Barb.* 328. *Ingersoll* v. *Bostwick,* 22 *N. Y. Rep.* 425. *Jones* v. *Osgood,* 2 *Seld.* 233. *Caldwell* v. *Murphy,* 1 *Kern.* 416.)

The question as to the validity of the said will was distinctly made on the motion for a nonsuit, which was denied and an exception taken. The question to be considered is, was the will of the deceased, made while she was unmarried, revoked by her subsequent marriage to the defendant by section 39 of the Revised Statutes, 5th edition, page 145. If that will is valid, the plaintiff is entitled to recover; the judgment is right. If not valid, the action cannot be sustained. If the said section of the statute is still in force, the will is not valid. That section is "a will executed by an unmarried woman shall be deemed revoked by her subsequent marriage." It is insisted, on the part of the plaintiffs, that that section is repealed by implication, by the acts of 1848, page 307, as amended by the act of 1849, page 528, and the acts of 1860, which were in force at the time of her death. The referee so held, and found for the plaintiffs. In the said acts of 1848, 1849 and 1860, nothing is said about repealing said section of the Revised Statutes. To repeal a statute by implication, the first act must be inconsistent with, and repugnant to, the last act. The repugnancy must be irreconcilable. (*Bowen* v. *Lease*, 5 *Hill*, 225, 226. *Williams* v. *Potter*, 2 *Barb.* 316. *McCartee* v. *Orphan Asylum*, 9 *Cowen*, 506. *Van Rensselaer* v. *Snyder*, 9 *Barb.* 303.) There is no such inconsistency. There is no difficulty in carrying all the acts fully into effect. A case cannot be imagined where they can ever come in conflict. The first act, on the marriage of a woman, revokes a will made by her before marriage. The last three acts give a married woman a right to receive and hold separate property and carry on separate business, and have her earnings, and to sell, convey, devise and will her separate property—entirely separate and distinct things having no connection with or relation to each other.

It is insisted that the reason for the statute is removed by these last acts, and therefore it should be deemed

repealed. Be that as it may, the legislature passed these last three acts, without a word to indicate that they intended to repeal the first act, knowing of its existence. It is fair to infer that they had a reason for letting it stand. Indeed, it is in accordance with the spirit of those last acts, which tend to place the wife on the same footing with the husband, as to property. There existed nearly a similar statute as to the husband, when he married and had issue. (3 *R. S. 5th ed.* 145, § 38.)

It doubtless was the intention of the legislature to allow that act to remain, so that when a woman, possessed of separate property, married, she would enter upon her new relations of life untrammeled with any thing she had done while a *feme sole*, requiring her if she wished to make a final disposition of her property, to do so in the light of her then situation, governed by her new affections and desires, and surrounded by her new responsibilities.

If I am right in these views, that act is not repealed, and the will in question must be deemed revoked.

As the law was at the death of the deceased, in the absence of a will, the husband took the personal property of the deceased wife absolutely, not by virtue of administration. (*Ransom* v. *Nichols*, 22 *N. Y. Rep.* 110. *Ryder* v. *Hulse*, 24 *id.* 372.) It is now changed by chapter 782 of the Laws of 1867.

The judgment should therefore be reversed, and a new trial granted before a new referee, if either of the parties applies therefor; costs to abide the event.

[BROOME GENERAL TERM, July 21, 1868. *Balcom, Boardman, Parker* and *Murray,* Justices.]