## Charles R. Webb et al.

*v.*

## George Jones et al.

1. The marriage of a woman does not revoke her will executed before such marriage.

2. A widow made her will disposing of her property. She afterwards entered into a marriage settlement, whereby she assigned a very large part of her property (it was all personal) and the income thereof, and of all her other property, to trustees in trust for herself for life, and after her death to distribute the property assigned to certain persons whom she named, and who, with a few exceptions, were the same persons who were named as legatees in the will, reserving to herself, with the express assent of her future husband, a testamentary power of disposition over her estate, which was, by the settlement, put into the hands of her trustees. She was married and died without any further execution of the power.—*Held*, that her will was not revoked by her marriage, and was a good execution of the power.

3. Also, that the property assigned to the trustees must be distributed according to the terms of and under the settlement, and not under the will; but that under the circumstances the gifts to the legatees were adeemed to the extent of the provision made for them in the settlement.

4. That the husband waived or relinquished any rights of survivorship in the wife's remaining personalty by allowing her will to be probated.

----

Bill for relief.   On final hearing on pleadings and proofs

*Mr. C. A. Bergen,* for complainants.

*Mr. H. M. Cooper,* for answering defendants.

The Chancellor.

Emily D. Bailey, being then a widow, made her will in 1874, and a codicil thereto in 1875. She married Mr. Jones in October, 1877. In an ante-nuptial settlement made between them in September of that year, she assigned a very large part of her property (it is all personal) to the complainants, Charles R,

Webb v. Jones.

Webb and John Burkitt Webb, with all the profits and income thereof, and of all other moneys of hers which then or thereafter should come to them or the survivor of them, in trust for herself for life, and after her death to be distributed to certain persons named in the instrument of settlement, in the manner therein directed, with a provision that the trustees should stand seized and possessed thereof to the use of such person or persons, and in such shares and proportions, as she, by her last will and testament, or a writing in the nature thereof, signed in the presence of and attested by two or more witnesses, might give them to or appoint to take them; and Mr. Jones covenanted and agreed with the trustees that he would permit her to give, grant and dispose of her separate estate.as she should think fit, in her lifetime, and to make such will or appointment and thereby to dispose of her separate estate, and would suffer the will to be proved and executed. The legatees in the will are, with a few exceptions, the same as the beneficiaries named in the trust in the deed of settlement as distributees of her estate, if she should die intestate. She made no will after that of 1874, and she never canceled that will or the codicil. After her death, the will and codicil were duly proved in Camden county. The bill

NOTE.—At common law or by statute in some states, the will of a *feme sole* is revoked by her marriage, *1 Jarm. on Wills 79; 1 Wms. on Exrs. 76; Schouler on Husb. and Wife § 457; Lant's Appeal (Pa.), 10 Rep. 645; Fransen's Will, 26 Pa. St. 202; Lathrop v. Dunlop, 4 Hun 213, 63 N. Y. 610; Brown v. Clark, 77 N. Y. 369; Loomis v. Loomis, 51 Barb. 257; Vail v. Lindsay, 67 Ind. 528;* unless the husband's assent be obtained, *Hoyt v. Jaques (Mass.), 14 Law Rev. 808; Kurtz v. Saylor, 20 Pa. St. 205; Cooper's Case, L. R. (6 Prob. Div.) 34; Cavenaugh v. Anichbacker, 36 Ga. 500; Newlin v. Freeman, 1 Ired. 514; Burton v. Holly, 18 Ala. 408; Lee v. Bennett, 31 Miss. 119; Fane's Case, 16 Sim. 406; Smellie v. Smellie, 2 Desaus. 66;* see *Urquhart v. Oliver, 56 Ga. 344; Burroughs v. Nutting, 105 Mass. 228; Allen v. Little, 5 Ohio 65; Churchill v. Corker, 25 Ga. 479;* and the death of the husband would revoke his assent, *Noble v. Willock, L. R. (8 Ch. App.) 773, 7 H. L. C. 580; Smith's Case, 1 Sw. & Trist. 127; Reay's Case, 4 Id. 215; Price v. Parker, 16 Sim. 198;* see *Wood v. Bullock, 3 Hawks. 298; Walker v. Hall, 34 Pa. St. 483.*

But in some instances such revocation has been deemed only a presumption liable to be rebutted, *Miller v. Phillips, 9 R. I. 141; Yerby v. Yerby, 3 Call 334;* see *Arthur's Appeal (Pa.), 14 Cent. L. J. 337.*

Webb *v.* Jones.

is filed to obtain the direction of the court as to how the property in the hands of the trustees is to be administered; whether under the will or the settlement; and as to other property (all personal) of Mrs. Jones which did not come to the hands of the trustees, in her lifetime, whether it is to be disposed of according to the will (and if so, how), or goes to Mr. Jones as surviving husband; that is, whether the marriage of the testatrix was a revocation of her will. It will have been seen that by the marriage settlement Mr. Jones covenanted that his wife might dispose of her separate estate by will or appointment. It is quite clear that he has no equitable claim to any part of her separate estate. Nor could he make any. He has permitted her will to be admitted to probate. Indeed, he makes no claim. He has not answered in the cause.

But it is insisted that the marriage revoked the will, and that, therefore, the law casts the title to the property which did not come to the hands of the trustees, upon him. I am of opinion that the marriage did not revoke the will. The reason why at the common law the marriage of a woman was a revocation of her will, was that she could not, as a married woman, make a will, and therefore wills being, in their nature, ambulatory until

As to the formalities necessary to revive the will of a woman which has been revoked by her marriage, *Brown* v. *Clark, 16 Hun 559, 77 N. Y. 369; Bizzey* v. *Flight, L. R. (3 Ch. Div.) 269; Thorndike* v. *Reynolds, 22 Gratt. 21; Graham's Case, L. R. (2 P. & D.) 385; Heathcote's Case, L. R. (6 Prob. Div.) 30;* see *Wood* v. *Bullock, 3 Hawks 298; Ash* v. *Ash, 9 Ohio St. 383; Grimke* v. *Grimke, 1 Desauss. 366.*

The English statute (*1 Vict. c. 26 § 18*) makes a marriage subsequent to the execution of a will, either by a man or a woman, a revocation, except in the execution of a testamentary power, *Richard's Case, L. R. (1 P. & D.) 156; Fenwick's Case, Id. 319; McVicar's Case, Id. 671; Otway* v. *Sadlier, 4 Irish Jur. (N. S.) 97; Worthington's Case, 25 L. T. Rep. (N. S.) 853; Fitzroy's Case, 1 Sw. & Trist. 133;* and some of the United States have similar statutes, *Phaup* v. *Wooldridge, 14 Gratt. 332; Brown* v. *Clark, 77 N. Y. 369; Code of Ala. 1876 § 2283; Gen. Stat. of Ky. 1873 p. 834 § 9; Rev. Stat. of Mo. 1879 vol. I. p. 680 § 3965.*

A power of testamentary disposition, reserved in a marriage settlement, may be exercised by a *feme covert* after her marriage, *Michael* v. *Baker, 12 Md. 158; Buchanan* v. *Turner, 26 Md. 1; Newlin* v. *Freeman, 4 Ired. Eq. 312; Mullins* v. *Lyles, 1 Swan 337; Mitchell* v. *Holder, 8 Bush 362; Harris* v. *Harbeson, 9*

the testator's death, the law deprived her will made before marriage of all validity. And though a wife might, in the absence of an enabling provision in the marriage settlement, make a valid will of her separate estate, without her husband's consent, and therefore, in such case, the reason for the rule ceased, yet the rule was held to be applicable under such circumstances also. Where, however, a woman, after the execution of a marriage settlement, giving her a power to dispose of her property by will, made a will before marriage in execution of the power, it was held not to have been revoked by the marriage. *Logan* v. *Bell, 1 C. B. 872.* But, by our law, a wife loses no power to make a will by her marriage, except so far as the interest which the law gives her husband in her real property is concerned. That her will cannot affect. But as to her personal property and her real property, too (subject to her husband's rights therein), she has as full power to make a will as she had when she was unmarried. In other words, her right to make a will continues as before, notwithstanding her marriage. The reason, therefore (her disability), for holding marriage to be a revocation no longer exists, and therefore the rule itself should no longer exist. In this case the will has been admitted to probate,

*Bush 397 ; Albrecht* v. *Pell, 11 Hun 127 ;* where the husband survives, *Schley* v. *McCeney, 36 Md. 266 ; Gackenbach* v. *Brouse, 4 Watts & Serg. 546 ; Trimmell* v. *Fell, 16 Beav. 537 ;* whether the property so devised is liable, *after her death,* for her debts, *Shattock* v. *Shattock, L. R. (2 Eq.) 182 ; Vaughan* v. *Vanderstegen, 2 Drew. 165, 363 ; Hobday* v. *Peters, 28 Beav. 354 ; Blatchford* v. *Woolley, 2 Dr. & Sm. 204 ; Smith* v. *Cherill, L. R. (4 Eq.) 389 ; Rogers* v. *Hinton, Phil. (N. C.) Eq. 101, 63 N. C. 78 ; Stewart* v. *Ross, 50 Miss. 776 ; Triplett* v. *Romine, 33 Gratt. 651 ;* see *McTier* v. *Hunter, Riley 159 ; Rodgers* v. *Brazeale, 34 Ala. 512.*

As to the formalities requisite in the execution of such a power, *Porcher* v. *Daniel, 13 Rich. 349 ; West* v. *West, 3 Rand. 373 ; Whitfield* v. *Hurst, 3 Ired. Eq. 242 ; Heath* v. *Withington, 6 Cush. 497 ; Ela* v. *Edwards, 16 Gray 91 ; Heyer* v. *Burger, Hoffm. Ch. 1 ; Thorndike* v. *Reynolds, 22 Gratt. 21 ; Foos* v. *Scarf, 55 Md. 301 ; Funk* v. *Eggleston, 92 Ill. 515 ; Breit* v. *Yeaton, 101 Ill. 242 ; Blake* v. *Hawkins, 98 U. S. 315 ;* see *Bilderback* v. *Boyce, 14 S. C. 528 ; Dunn's Appeal, 85 Pa. St. 94 ; Noble* v. *Willock, L. R. (8 Ch. App.) 778 ; Hollister* v. *Shaw, 46 Conn. 248 ;* and the power of courts of equity over the matter, *Lawrence* v. *Bartlett, 2 Allen 36 ; Lant's Appeal (Pa.), 10 Rep. 645 ; Hughes* v. *Wells, 13 E. L. & Eq. 389 ; Shaw* v. *Dawsey, 1 McMull. 247.*—Rep

Webb v. Jones.

and therefore the executor has a right to all the testatrix's personal property, for the letters testamentary are general.  In *Ryno* v. *Ryno, 12 C. E. Gr. 522,* where a married woman's will had been admitted to probate, and letters of administration were afterwards issued to her husband, it was held that the fund must be paid over to the executor to be administered according to law, because of the fact that the will had been admitted to probate.  In *Douglass* v. *Cooper, 3 M. & K. 378,* where a woman having a power of testamentary appointment by her marriage settlement, made a will after marriage, and her husband dying, she married again, it was urged that her marriage after executing the will was a revocation of the will.  The will had been admitted to probate in the ecclesiastical court.  Sir John Leach, M. R., though of opinion that by the subsequent marriage the will was revoked, yet held it valid (it having been duly executed), because it had been admitted to probate.  Having been admitted to probate, the will cannot be declared void here on the ground that the marriage revoked it; and, it may be added, it appears to have been executed with the formalities required by the marriage settlement.  It must be accepted as the true will of Mrs. Jones, and her property must be administered under it.

The remaining question is as to what is subject to it.  The property assigned to the trustees is not.  That property will be distributed according to the directions of the marriage settlement, as in case of Mrs. Jones's intestacy.  The provisions in the deed of settlement in favor of beneficiaries, to take effect at Mrs. Jones's death, were indeed liable by the terms of the instrument to be defeated by her will, but the testatrix evidently intended that if defeated by will it should be not by one made previously to the settlement, but one made subsequently.  She conveyed the property mentioned in the settlement to the trustees, to be distributed by them, after her death, to the persons therein named.  She evidently intended that the provision made in the settlement for the distribution of her estate after her death should supersede the provisions of the then existing will, and she may have been advised that her marriage would be a revocation of the will.

As to the rest of the property, it will not go to her husband ; if for no other reason, because he has relinquished whatever rights he may have had thereto by permitting the will to go to probate. It must be administered by the executors according to the will, but the gifts to the legatees will be held to be adeemed to the extent of the provision made for them in the settlement.