BENOIT, ADMINISTRATOR, *v.* SCHNEIDER, ADMINISTRATOR.

APPEAL.—*Parties.*—*Personal Representative.*—*Heir.*—Where both a personal judgment and a decree of foreclosure of a mortgage have been rendered in an action, and the judgment defendant has afterward died, upon an appeal from such judgment to the Supreme Court, the personal representative and the heir should unite as appellants.

TRUSTEE.—*Successor in Trust.*—If the deceased held the mortgaged land as trustee, and some one else has succeeded to the estate as succeeding trustee, that person should be a party to the appeal as the representative of the ownership of the real estate.

REFUSAL TO JOIN.—*Query.*—If, where both the personal representative and the heir ought to join in the appeal, either should decline, *query* whether notice may not be given to the party refusing to join, under section 551, p. 270, 2 G. & H.

APPEAL from the Cass Common Pleas.

DOWNEY, J—This was an action by the appellee against the appellant's intestate, to foreclose a mortgage on certain real estate, executed by the deceased, in this form: "Joseph Henry Luers, Bp. Ft. Wayne," to the appellee's intestate, Bernard Joseph Force.

The defendant answered, first, the general denial; second,

payment; third, set-off, setting out the facts particularly; and, fourth, set-off in a more general form. A demurrer to the third paragraph, alleging that it did not state facts sufficient to constitute a valid defence, was filed by the plaintiff and sustained by the court. There was a trial by the court; and finding for the plaintiff; motion for a new trial by the defendant overruled; and a personal judgment rendered against the defendant for the amount of the debt secured by the mortgage, with an order for the sale of the mortgaged premises. After the rendition of the judgment, the said Joseph Henry Luers, the defendant therein, departed this life. The appeal is taken by the administrator of his estate, and the errors are assigned by him. A motion is made by the appellee to dismiss the appeal, for the reason that the same is not taken by the proper party.

The statute provides, that in case of the death of any or all of the parties to the judgment before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor and against whom the action might have been revived, if death had occurred before judgment. 2 G. & H. 271, sec. 552.

With reference to the revival of actions, the statute provides that no action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of death, marriage, or other disability of a party, the court, on motion, or supplemental complaint, at any time within one year, or on supplemental complaint afterward, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action. 2 G. & H. 51, sec. 21.

By the first of these sections of the statute, we find that an appeal may be taken by, and notice given to, the persons in whose favor and against whom the action might have been

Benoit, Adm'r, *v.* Schneider, Adm'r.

revived, if death had occurred before judgment; and by the second it is provided that such revivor may be had by the representative of the deceased party, or the person who succeeds to his interest in the property or subject-matter in litigation. In this case, there is a general personal judgment, from which it seems quite clear, if there was no mortgage and foreclosure thereof, the personal representative alone might appeal. But as the judgment of foreclosure affects the real estate which at the death of the judgment defendant descended to his heirs, it is equally clear that the personal representative is not the successor in interest of the deceased, and cannot represent those to whom the title to the real estate has descended. If the mortgaged premises do not sell for a sum sufficient to pay the judgment, the personal estate of the deceased would then, if it did not before, become liable to pay the debt, or the residue thereof. For the mere purpose of foreclosing a mortgage and selling the premises, the heir, and not the personal representative, of the deceased mortgagor is the proper party defendant. *Slaughter* v. *Foust*, 4 Blackf. 379; *John* v. *Hunt*, 1 Blackf. 324. But we apprehend that no judgment for any residue which might remain due after applying the proceeds of the mortgaged premises could be had, payable out of the personal assets, unless the personal representative was a party to the action. If the heir can compel the executor to discharge the debt secured by the mortgage, out of the personal assets, which he probably can do, there is a greater reason why, in such a case as this, the administrator should have the right to appeal from such a judgment. 2 G. & H. 516, sec. 109. But, as the real estate has descended to the heir, and he is therefore interested in the reversal of the judgment, if it is erroneous, it seems that he is a necessary party to the appeal also. We conclude that when, as in this case, there is both a personal judgment and a judgment of foreclosure, the personal representative and the heir should unite in the appeal. We think that the heir alone should

appeal when there is simply a judgment of foreclosure, as the personal representative alone may appeal from a mere personal judgment. But this question is not before us.

Having arrived at the conclusion, then, that both the personal representative and the heir are necessary parties to the appeal, it follows that the appeal in this case cannot be sustained in the name of the administrator alone. But it may be asked what shall be done if the heir will not unite with the personal representative in the appeal, or *vice versa?* We answer, without intending to decide the question, for it does not appear as yet in this case that the heir will not join, that, perhaps, in spirit, the provision made by sec. 551, 2 G. & H. 270, will apply. The personal representative and the heir might, in that case, be so far regarded as co-parties, that the one might appeal by serving the required notice on the other in accordance with that section.

The appeal is dismissed, with costs.

### ON PETITION FOR A REHEARING.

DOWNEY, J.—A petition for a rehearing in this case presents as reasons therefor the following:

"First. That it is unnecessary to make the personal representatives of Luers parties to the cause, as Luers was only a trustee, and that a successor to his trust has been appointed.

"Second. That Luers was simply a trustee of the church, an unincorporated society, and as bishop held the real estate upon which the mortgage was given, and upon which the judgment was obtained below in trust for said congregation, and that as such trustee his personal representative had no interest directly or indirectly in the determination of the suit."

Counsel seem to have misapprehended the decision of the court. It was not objected, as counsel seem to suppose, that the personal representative of the defendant below was not a party to the appeal. On the contrary, it is stated in the opinion that the appeal is taken by the administrator. We

sought to convey the idea that the person or persons to whom the title to the mortgaged premises descended should also have been made parties to the appeal. If it be true, as contended, that the deceased held as trustee, of which however we have no evidence in the record, and some one else has succeeded to the estate as succeeding trustee, that person should be a party to the appeal as the representative of the ownership of the real estate.

The petition is overruled.

*N. O. Ross* and *R. Magee,* for appellant.

*W. Z. Stuart, S. T. McConnell,* and *M. Winfield,* for appellee.