## VAIL, ADM'R, ET AL. *v.* LINDSAY.

APPEAL TO SUPREME COURT.—*Judgment for Recovery of Real Estate.*—*Death of Plaintiff.*—*Appeal by Administrator and Legatees.*—*Heirs.*—*Will revoked by Marriage:*—*Conveyance during Adverse Possession.*—In an action by the widow of an intestate, to recover possession of her deceased husband's real estate, wherein judgment was rendered in her favor for the undivided one-third, and in favor of the defendant for the undivided two-thirds, an appeal was taken to the Supreme Court in the name of A., B. and C. Accompanying their assignment of errors was an unverified statement, alleging that, subsequent to the rendition of such judgment, the plaintiff had married D., and then died, leaving her husband as her sole heir ; that, prior to such second marriage, she had duly executed a will, devising all of her property to B. and C.; that D., to carry out the intentions of the testatrix, had duly conveyed all of the testatrix's estate to B. and C.; and that this appeal was prosecuted in the name of A., as administrator, etc., and B. and C., as devisees.

*Held,* that the will was revoked by such marriage, and therefore gave no title to B. and C.; that D.'s conveyance to them, during the adverse possession of the defendant, was void as to the latter ; that they should have prosecuted the appeal in the name of A. personally, and that the appeal by A. as administrator was unauthorized by law.

From the Dearborn Circuit Court.

*F. Adkinson, G. M. Roberts* and *H. D. McMullen,* for appellants.

*R. Gregg, J. A. Parks, A. C. Downey, D. T. Downey* and *H. S. Downey,* for appellee.

HOWK, C. J.—In this action, on the 27th day of March, 1871, Mary Lindsay, then living but since deceased, filed before a justice of the peace of Dearborn county, Indiana, her complaint against the appellee, John F. Lindsay, wherein she alleged, in substance, that the appellee unlawfully held possession of certain real estate, particularly described, in said Dearborn county, as the tenant of said Mary Lindsay from year to year, and that, on the 28th day of October, 1870, she, the said Mary Lindsay, caused the appellee to be duly notified to surrender the possession of said premises to her, at the expiration of the then cur-

rent year; that said time had expired, and the appellee still unlawfully held such premises, without right, and wholly neglected and refused to pay said Mary Lindsay any rents therefor; and that there was then due and owing her for said premises the sum of one hundred dollars; for which and for the possession of said premises, and for other proper relief, she demanded judgment.

Before the justice, the appellee, John F. Lindsay, appeared and filed an answer and cross complaint, duly verified by his oath, in which he alleged, in substance, that he was the owner, and entitled to a deed of conveyance, of the real estate described in said complaint of said Mary Lindsay, under a parol contract of purchase from one Elijah Lindsay, then deceased, under whom, and as his widow and heir, the said Mary Lindsay claimed to be the owner, and entitled to the possession, of said real estate. Wherefore the appellee asked that, as the title to said real estate was in controversy, the said cause might be certified by said justice to the circuit court of said county for trial, and for a conveyance of said real estate, and for other proper relief.

Upon the filing of this answer and cross complaint, duly verified, the justice of the peace, on the 1st day of May, 1871, certified said cause to the court below for trial. The cause was put at issue, and afterward, at the September term, 1872, was tried by a jury and a verdict was returned for the defendant, the appellee. The plaintiff, Mary Lindsay, moved the court for a new trial, and pending the consideration of this motion, the appellee filed what is called a *remittitur* to the plaintiff of the undivided one-third part of the real estate, embraced in the verdict of the jury, and asked judgment on the verdict, in his favor, for only the undivided two-thirds part of said real estate. The plaintiff's motions for a new trial and in arrest of judgment were severally overruled by the court at its November term,

1873, and to each of these decisions she excepted; and the court then rendered judgment on the verdict and the so-called *remittitur*, in favor of the appellee, for the undivided two-thirds part of the real estate in controversy, and appointed a commissioner to convey the same to him, and such commissioner executed such deed, which was examined and approved by the court and delivered to the appellee.  The final judgment in this cause appears to have been rendered, in and by the court below, on the 5th day of December, 1873.

On the 2d day of December, 1876, Benjamin F. Vail, administrator of the estate of Mary Lindsay Dills, deceased, Abram L. Vail and William W. Vail procured and filed in the office of the clerk of this court a certified transcript of the record of the above mentioned cause, and, as appellants from the judgment therein rendered, they have assigned errors on such transcript, and by reason thereof they ask this court to reverse such judgment.  Afterward, under leave of this court, granted on the 18th day of April, 1879, the said appellants have filed with the record of this cause, what they have called an "amendment and re-assignment of errors."  They have prefaced this re-assignment of errors with a statement of matters *dehors* the record, in the form of a complaint against the appellee, in which they alleged, in substance, that after the rendition of the judgment set out in the record, to wit, on the 10th day of March, 1874, the plaintiff, Mary Lindsay, intermarried with one William Dills; that after such marriage, on the 17th day of March, 1874, the said Mary Lindsay Dills departed this life, leaving no child nor the descendants of any child, and neither father nor mother, surviving her, but leaving the said William Dills, her husband, as her sole heir; that the said Mary Lindsay Dills, prior to her said marriage, had executed her last will and testament, making the said Abram L. Vail and William W. Vail her

Vail, Adm'r, *et al.* *v.* Lindsay.

·only legatees and devisees therein ; that the said William Dills, after the death of his said wife, Mary Lindsay Dills, for the purpose of giving the property of his said wife to the said Abram L. Vail and William W. Vail, as her legatees and devisees, executed to them a certain assignment and deed of all his, the said William Dills', estate, right, title, interest, claim and demand of, in and to the estate, both real and personal, of the said Mary Lindsay Dills, who was the same Mary Lindsay who was the plaintiff in this suit in the court below; and they said, that, by virtue of said assignment and deed, the said Abram L. Vail and William W. Vail, together with said administrator, became and were vested with all and every right of appeal, and all rights involved in this appeal. that the said Mary Lindsay was entitled to, in the proceedings and judgment in this suit ; and that they were, therefore, entitled to prosecute this appeal in this court, together with the said Benjamin F. Vail, who was, on the 30th day of March, 1874, duly appointed administrator of the estate of said Mary Lindsay Dills.

This statement of alleged facts, or complaint, if it may be thus designated, has not been verified in any manner, nor have the appellants offered to establish these alleged facts by competent evidence ; but the appellants, or the persons claiming to be the appellants, have submitted this cause to this court upon this bald statement of alleged facts, *dehors* the record, without verification thereof, made or offered, of any kind. The appellee has moved this court, in writing, "to dismiss the appeal in this case, for the reason that it does not appear, from the assignment of errors, that the appellants are the proper persons, and all the proper persons, to appeal." It seems to us that this motion ought to be and must be sustained.

In section 552 of the practice act it is provided as follows :

"In case of the death of any or all parties to a judgment

before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor, and against whom, the action might have been revived, if death had occurred before judgment." 2 R. S. 1876, p. 240.

It will be readily seen, we think, from the provisions of this section, that, after the death of the said Mary Lindsay, the plaintiff in this action, after judgment rendered against her by the court below, an appeal from such judgment to this court could only be taken by the person or persons in whose favor the action itself might have been revived, if death had occurred before judgment. As we have seen, this action was brought by the said Mary Lindsay for the recovery of the possession of certain real estate; and therefore it is certain that, if she had died before the rendition of judgment, the action could not have been revived by or in the name of the administrator of her estate. In such a case, the rule in relation to appeals to this court is thus stated in Buskirk's Practice, p. 57, as deducible from the provisions of the statute and the decisions of this court: "Where the plaintiff in a real action dies after judgment for the defendant, and before an appeal has been perfected, an appeal may be taken by his heirs at law." It follows, therefore, as it seems to us, that Benjamin F. Vail, administrator of the estate of said Mary Lindsay, deceased, could neither take nor maintain, in his representative character, an appeal to this court from the judgment rendered by the court below, in this action.

In considering further the appellee's motion to dismiss this appeal, we shall treat and regard the appellants' statement of facts, above set out, as importing absolute verity, although the truth thereof has not been shown to this court in any of the modes prescribed by law. It would seem from this statement of facts, that the appellants, Abram L. Vail and William W. Vail, to some extent at

least, founded their rights and claims to appeal to this court from the judgment below, in this action, upon the alleged fact that they were the legatees and devisees of said Mary Lindsay, deceased, under her last will and testament. It was alleged, that, by her last will, the said Mary Lindsay had made the said Abram L. Vail and William W. Vail her only legatees and devisees therein ; but it was further alleged that she had made and executed her said last will and testament, under which the said Abram L. and William W. Vail claimed to be her only legatees and devisees, prior to her marriage with said William Dills, whose wife she was at the time of her death. In section 5 of "An act prescribing who may make a will, the effect thereof, what may be devised, regulating the revocation, admission to probate, and contest thereof," approved May 31st, 1852, it is provided, that "After the making of a will by an unmarried woman, if she shall marry, such will shall be deemed revoked by such marriage." 2 R. S. 1876, p. 572. Of course, therefore, the said last will and testament of said Mary Lindsay was revoked by her subsequent marriage with said William Dills ; and thereafter the said Abram L. Vail and William W. Vail could no longer claim to be her only legatees and devisees. Certainly, the fact that the said Abram L. and William W. Vail had, at some time in the past, been the only legatees and devisees of the said Mary Lindsay, under her last will and testament, which had been duly revoked under the statute, by reason of her subsequent marriage, could not and did not authorize them to appeal to this court from the judgment below, in this action.

But it was further alleged by the appellants, in their statement of alleged facts, filed in this court by way of preface to their assignment of errors, that when Mary Lindsay Dills died on the 17th day of March, 1874, she left the said William Dills, her husband, as her only heir at law.

It may be conceded that, under the rule as we have stated it, in such cases, William Dills, as the only heir at law of his deceased wife, Mary Lindsay Dills, might have taken and maintained an appeal to this court from the judgment below in this action. But it seems to us, that, under the facts of this case, as shown by the record, the said William Dills, as such heir at law, could neither assign nor convey his said right of appeal to this court, in this action, in such manner and to such extent as to vest in the appellants the right to take, maintain and prosecute, in their own names, an appeal to this court from the court below, in this case. It is certain, we think, that the appellants could not, in their own names, take and prosecute this appeal, unless and until they had first acquired title to and interest in the real estate in controversy in this suit. It is equally certain that the conveyance of such real estate to the appellants by the said William Dills, even if he were the rightful owner thereof at the time of such conveyance, was absolutely void as to the appellee, who, at the time, as the record shows, was in the adverse possession of such real estate, claiming to be the owner thereof. The deed of said William Dills, therefore, did not vest the appellants with the title to such real estate as against the appellee, who was then in the adverse possession thereof, claiming title thereto ; nor could the appellants, under or by force of such deed, appeal to this court, in their own names, from the judgment below in this case ; nor could they, in their own names, bring and maintain any new action for the recovery of such real estate against the appellee, who was in the adverse possession thereof, claiming title thereto, when such deed was executed. As between the parties thereto, however, the deed of William Dills to the appellants was good and valid ; and it would have authorized, and did authorize, the appellants, the grantees therein, to take and prosecute an appeal to this court, in

the name of the grantor, William Dills, but not in their own names, from the judgment below in favor of the appellee, in this action, with a view to the ultimate recovery of the real estate in controversy; and such recovery, if had, would have enured to the benefit of the appellants, the grantees in said deed. *Steeple v. Downing,* 60 Ind. 478.

We are clearly of the opinion that the said Benjamin F. Vail, Abram L. Vail and William W. Vail were not and are not the proper persons, under the law, to appeal to this court, in their own names, from the judgment of the court below in this action, and that, for this reason, the appellee's motion to dismiss this appeal ought to be, and must be, sustained.

The appeal is therefore dismissed, at the costs of the appellants.