## MELLOTT ET AL. v. MESSMORE.

[No. 19,516.  Filed April 4, 1902.]

APPEAL AND ERROR.—*Parties.*—*Dismissal.*—An appeal from a judgment setting aside a deed and for damages against the grantees and an alleged coparty to the fraud charged will not be considered where the Supreme Court has no jurisdiction of the coparty, although the assignments of error on which a reversal is sought are those in which the coparty is not interested.

From Clinton Circuit Court; *J. V. Kent*, Judge.

Suit by Charles W. Messmore against William T. Mellott and others to set aside a deed and quiet title and for damages.  From a judgment for plaintiff, defendants appeal.  Transferred from Appellate Court, under §1337u Burns 1901.  *Appeal dismissed.*

*C. M. McCabe*, for appellants.
*V. E. Livengood, A. T. Livengood, M. E. Clodfelter* and *H. N. Fine*, for appellee.

GILLETT, J.—The appellee commenced this action, in the court below against the appellants William T. Mellott and Oliver M. Gardner, and also against Mary E. Parsons, William E. Parsons, and William L. Messmore.  The appellee moves to dismiss this appeal on the ground that "this court

has acquired no jurisdiction, by notice or otherwise, over the person of William E. Parsons, a coparty to the judgment from which this appeal is taken."

Appellee's complaint is in three paragraphs. In these paragraphs appellee sought to set aside a deed made by appellee to appellants, on the ground of alleged fraudulent representations; to quiet appellee's title to the real estate described in the deed; and to recover damages against appellants and against said William E. Parsons, an alleged coparty to the fraud charged. The allegations of the complaint as against the other defendants below need not be discussed. William E. Parsons filed a demurrer to each paragraph of the complaint, but his demurrer was overruled, and he reserved an exception. On issues duly joined as to all of the parties, the cause was submitted to the court for trial. After trial had, the court, on the 6th day of February, 1900, rendered a decree in favor of appellee and against the appellants, setting aside the deed and quieting the title to the real estate described in the deed in appellee, and rendered a judgment in favor of appellee against appellants and said Parsons in the sum of $400 as damages, and also rendered judgment against said three parties, in appellee's favor, for his costs. On the same day appellants filed an appeal bond, which was approved. On the 25th day of February, 1900, appellants filed a motion for a new trial as of right, and also filed a bond in that behalf. The bond was approved, but their motion denied, and to the latter ruling they excepted. On the 1st day of November, 1900, appellants filed in the Appellate Court a transcript of the proceedings in this cause in the court below, and also filed joint and separate assignments of error. ' Appellants' counsel admit that their term-time appeal was abandoned, and the record bears out the claim of appellee that this court has not acquired jurisdiction over the person of said Parsons. In their brief appellants' counsel waive all of their assignments of error except the assignments based on

the overruling of their motion for a new trial as of right, and in answer to the brief of appellee on the motion to dismiss they contend that, as the legal title to the real estate rested in appellants immediately prior to the rendition of the decree, said Parsons was in no wise interested in that portion of the decree, and should not, therefore, in view of the *status* of the case, be brought before this court. It is required in vacation appeals that all parties against whom judgments are rendered shall be made appellants, and that proper steps shall be taken to bring them into court. Acts 1899, p. 5, §647 Burns 1901, §635 Horner 1901. The leading purpose of the statute in these requirements was to bring all the parties against whom the judgment is rendered before the court, so that they may assign error or waive their right of appeal; that the court, through the medium of one appeal, may make a final disposition of the rights of all such parties, so far as an appeal can settle their rights. As said by this court in *Abshire* v. *Williamson,* 149 Ind. 248, 252: "It is a fundamental rule in jurisprudence that before any court will proceed to adjudicate upon the subject-matter, it must first acquire jurisdiction over all the parties whose rights or interests will be necessarily affected by its judgment. Not having the power, under the facts, to decide this cause as an entirety, unless all of the necessary parties are brought into court as required by law, therefore we will not violate the well settled rule which forbids the decision of a cause in fragments, by asserting authority to make a partial decision in this case, which must be regarded as an entire and indivisible cause, but may, and properly should, dismiss the appeal on our own motion." Late authorities upon this subject, with citations of the earlier authorities, are *Michigan, etc., Ins. Co.* v. *Frankel,* 151 Ind. 534; *McKee* v. *Root,* 153 Ind. 314.

The fact that the assignments of error on which appellants seek a reversal are those in which Parsons is not interested is immaterial, because, as stated above, the leading

purpose of the statute was to prevent the prosecution of separate appeals. It is conceived, however, that in most cases a coparty ought, in fairness, to be advised of the fact of an appeal, if the *status* of the judgment of the court below is to be in any wise disturbed. The motion of the appellee to dismiss the appeal must be sustained.

Appeal dismissed.