RICH GROVE TOWNSHIP ET AL. *v.* EMMETT ET AL.

[No. 20,470. Filed November 29, 1904.]

APPEAL AND ERROR.—*Death of Party.*—*Substitution of Personal Representative or Heirs.*—Where, in a proceeding to establish a ditch and assess the costs thereof against the lands benefited, a remonstrator dies after judgment but before appeal, an appeal making his personal representative, but not his heirs at law, a party appellee, must be dismissed, since by §272 Burns 1901, where a party dies the action shall not abate,

if the cause of action survive, but it may be continued against his representative or "successor in interest," and the proceeding in this cause being one *in rem* to charge the real estate, the successors in interest are the heirs at law to whom the real estate descended.

From Pulaski Circuit Court; *T. F. Palmer*, Judge.

John E. Emmett and others. petitioned in the circuit court for the establishment of a drain, and Robert J. Geddis and others filed a remonstrance against the report of the drainage commissioners. From a decree of the circuit court modifying said report, Rich Grove Township and others appeal. *Dismissed.*

*H. A. Steis*, for appellants.
*W. W. Borders* and *George Burson*, for appellees.

Monks, J.—Appellees commenced this proceeding August 6, 1902, in the court below, for the construction of a ditch under what is known as the circuit court drainage law. After the drainage commissioners filed their report, and within the time allowed by law, Robert J. Geddis and others, against whose lands benefits were assessed, each filed separate remonstrances, alleging the fifth, seventh, and eighth causes of remonstrance provided in §5625 Burns 1901. A trial of said cause resulted in a finding modifying and equalizing the benefits assessed by the drainage commissioners, and against each of the remonstrants for the eighth statutory cause, and a judgment establishing the proposed work approving the assessment of benefits as made by the drainage commissioners as equalized and modified by the court. After the rendition of the judgment in said cause, and before the appeal was taken, Robert J. Geddis died, and one Charles E. Russell was appointed administrator of his estate. In the assignment of errors Charles E. Russell, as such administrator, has been made a party appellant, and has assigned errors.

The heirs of said Geddis have not been made parties to this appeal. This being a vacation appeal, it is well set-

tled that all parties against whom judgment was rendered must be made co-appellants in this court, or the appeal will be dismissed, for the reason that in such case we have no jurisdiction to determine the case on its merits. *Haymaker* v. *Schneck* (1903), 160 Ind. 443, 446, 447, and cases cited; *McKee* v. *Root* (1899), 153 Ind. 314, and cases cited; *Mellott* v. *Messmore* (1902), 158 Ind. 297, 299; *Brown* v. *Sullivan* (1902), 158 Ind. 224, and cases cited. Section 648 Burns 1901, §636 R. S. 1881 and Horner 1901, provides: "In case of the death of any or all the parties to a judgment before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor and against whom the action might have been revived, if death had occurred before judgment." Section 272 Burns 1901, §271 R. S. 1881 and Horner 1901, provides: "No action shall abate by the death or disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or disability of a party, the court, on motion or supplemental complaint at any time within one year, or on supplemental complaint afterward, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action shall be continued in the name of the original party; or the court may allow the person to whom the transfer is made to be substituted in the action."

It is evident that if said Robert J. Geddis had died before the rendition of the judgment in the court below his heirs would have been the successors in interest of the deceased, and necessary parties to said proceeding under §272, *supra*. 1 Cyc. Law and Proc., 93-96; *Benoit* v. *Schneider* (1872), 39 Ind. 591; *Vail* v. *Lindsay* (1879), 67 Ind. 528.

This proceeding was one *in rem* to charge the real estate of said Geddis with a part of the cost of the construction

of said ditch. Said real estate descended to his heirs and they were necessary parties in any proceeding to enforce a lien thereon, or to charge the same with the cost of constructing any public drain under the statute. It is clear, therefore, under §648, *supra*, that the heirs of said Robert J. Geddis were necessary parties on appeal, and should have been made co-appellants in this appeal, and served with notice as required in §647 Burns 1901, §635 Horner 1901. Elliott, App. Proc., §168; Ewbank's Manual, §§145, 166; *Vail* v. *Lindsay, supra; Benoit* v. *Schneider, supra.* As this has not been done, we have no jurisdiction over the heirs of said Geddis to whom his real estate descended, and can not determine this appeal upon its merits. The appeal must therefore be dismissed. *Haymaker* v. *Schneck, supra; McKee* v. *Root, supra; Mellott* v. *Messmore, supra; Brown* v. *Sullivan, supra.*

Appeal dismissed.