## JONES ET AL. *v.* McGINNIS.

[No. 8,603. Filed November 26, 1913. Rehearing denied April 21, 1914. Transfer denied February 19, 1915.]

1. APPEAL.—*Vacation Appeal.—Notice to Coparties.—Service.—Sufficiency.*—While §674 Burns 1914, Acts 1899 p. 5, provides that where a part of several parties appeal "they must serve written notice of the appeal upon all the other coparties or their attorneys of record", etc., the clerk of the Supreme Court may act as the agent of the parties appealing in the preparation of such notice, and the mere fact that it issues from his office and is served by an officer will not render it inefficacious. p. 125.

2. APPEAL.—*Vacation Appeal.—Delay in Notice to Coparties.*—Where notice to coparties of an appeal was not given to some of such coparties until after the year allowed for perfecting appeal, the court has not jurisdiction of all the parties and a dismissal is required. p. 126.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by Mary B. McGinnis against Howard C. Jones and others. From a judgment for plaintiff, certain defendants appeal. *Appeal dismissed.*

*E. F. Branch* and *S. C. Kivett,* for appellants.
*H. L. McGinnis* and *J. C. McNutt,* for appellee.

IBACH, J.—Judgment in this cause was rendered against defendants Wooden, Wooden, and Wilhite on May 11, 1911,

and against their codefendants Jones and Ludlow, appellants here, on December 7, 1911. The motion for new trial of Jones and Ludlow was overruled on April 3, 1912, and they filed their appeal bond on May 16, 1912, but did not file the transcript in this court within sixty days, and thus, under Rule 1 of this court abandoned their term time appeal. On March 29, 1913, they notified the clerk of the Morgan Circuit Court and appellee McGinnis that they would appeal as a vacation appeal. On April 1, 1913, they filed the transcript with the clerk of this court and directed him to issue notice to the sheriff for Edward E. Wooden of Indianapolis, and to the sheriff of Morgan County for John R. Wooden and Jasper Wilhite, their codefendants. Notice was served by the sheriff of Marion County on Edward E. Wooden on April 2, 1913, and by the sheriff of Morgan County on John R. Wooden and Jasper Wilhite on April 8, 1913. This was the only notice served upon these parties, who have been residents of Indiana continuously for more than five years last past.

Defendants Wooden, Wooden and Wilhite and appellee McGinnis have appeared specially and moved the dismissal of this appeal, for the reason that appellants failed to notify their coparties in the manner prescribed by §674 Burns 1914, Acts 1899 p. 5, which provides that ''A part of several parties may appeal to the supreme or appellate court, but in such case they must serve written notice of the appeal upon all the other coparties or their attorneys of record, and file proof thereof with the clerk of such court'' where the coparties are residents of the State.

It is urged that notice issued by the clerk of this court is not issued in compliance with the section of the statute just quoted, since this statute does not provide for notice issued by the clerk of this court. Section 681 Burns 1914, §640 R. S. 1881, relative to the manner of giving notice to adverse parties, provides two methods of issuing notice to such parties, either one of which may be used.

One of these is known as the official notice, since it is required to be issued by an officer, the clerk of this court. The other is known as an unofficial notice because there is no requirement that it shall be issued by an officer or served by an officer. *Tate* v. *Hamlin* (1895), 149 Ind. 94, 99, 41 N. E. 356, 1035. Section 674, above quoted, which is the only section of our statutes relating to notice to coparties, makes no provision for an official notice, since there is no requirement that the notice contemplated by that statute shall be issued or served by an officer. The notice contemplated by this statute then, is an unofficial notice. However, we are of the opinion that the clerk of this court might act as the agent of the appellants in the preparation of this notice, and the mere fact that the notice to coparties issued from the clerk of this court and was served by an officer, would not render the notice inefficacious, if otherwise the requirements of the statute were complied with.

In this case the attempted notice did not reach two of the coparties until April 8, 1913, after the expiration of the year for appeal. Under our decisions, the notice 2. to coparties must be given within the year in order to perfect the appeal, and give this court jurisdiction over all the parties to the judgment. *Holloran* v. *Midland R. Co.* (1891), 129 Ind. 274, 28 N. E. 549. This appeal was not perfected within the year, the parties are not all before the court, and therefore the appeal must be dismissed for lack of jurisdiction.

NOTE.—Reported in 103 N. E. 353. See also, under (1) 2 Cyc. 868; (2) 2 Cyc. 869, 785.