STATE EX REL. MICHAEL ET AL. *v.* COOPER ET AL.

[No. 15,275. Filed November 7, 1935. Rehearing denied March 12, 1936.]

*Alonzo Blain, Clarke & Clarke, Val Mitch,* and *Michael & Hansing,* for appellant.

*White, Wright & Boleman, John F. Linder,* and *Carl Seet,* for appellees.

KIME, J.—On May 29, 1934, the transcript and assignment of errors herein were filed, showing The State of Indiana, on the relation of Daniel S. Michael, Harry A. Hansing, John S. Newhouse and John W. Behrman, as appellant. On September 25, 1935, an attorney entered his special appearance for Daniel S. Michael and Harry A. Hansing, for the sole purpose of moving this court to dismiss the appeal herein and having their names stricken as appellants.

The motion to dismiss alleges, among other things, that this is a vacation appeal; that they (Michael

and Hansing) were named as two of the plaintiffs below and are affected by the judgment entered there; that although they are named as appellants herein they, nor either of them, have ever been served with any notice of any kind or character of this appeal and that there is nothing filed of record in this cause showing that notice was given to them, or either of them; that they did not desire to appeal from the judgment below and did not authorize anyone to take this appeal in their behalf nor did they consent to such appeal. The affidavit attached to the motion and signed by both Hansing and Michael in part states that neither they nor either of them were informed or had any notice or knowledge that said cause had been appealed until about April 1, 1935.

Section 2-3213, Burns 1933 being §474, Banks-Baldwin 1934 says "A part of several co-parties may appeal to the . . . Appellate Court, but, in such case, they must serve written notice of the appeal upon all of the other co-parties or their attorneys of record, and file proof thereof with the clerk of such court, . . ."

"Co-parties" means parties to the judgment appealed from. *Hadley* v. *Hill* (1894), 73 Ind. 442. "Whether regarded as co-parties, or adverse parties, in a vacation appeal, is equally immaterial; all parties to the judgment, or interested in, or affected by it, or interested in its reversal or affirmance, must be made parties. If they are co-parties, they must be joined as appellants, and notice given to them." *Souers* v. *Walter* (1912), 178 Ind. 599, 603, 99 N. E. 1002.

A judgment could not be rendered here that would be complete without these two parties, consequently they were necessary parties. *Conklin* v. *Thurston et al.* (1862), 18 Ind. 290. They were necessary parties because their interests would be affected by any judgment that could be rendered. Complete and

final justice can not be done without affecting the two parties not before the court. Merely because these two parties might be no longer interested in the outcome of this litigation is immaterial, all parties must of necessity be advised properly of the appeal if the status of the judgment below may be in anywise disturbed. *Mellott* v. *Messmore* (1901), 158 Ind. 297, 63 N. E. 451.

There is nothing in the record to disclose that notice of any kind, of this appeal, was given to co-parties, Michael and Hansing, or either of them, nor proof thereof filed within the time allowed for appeal, which time has expired, therefore this court has no jurisdiction of this appeal and it must be dismissed. *Halloran* v. *Midland Ry. Co.* (1891), 129 Ind. 274; 28 N. E. 549, *Jones* v. *McGinnis* (1914), 58 Ind. App. 124, 103 N. E. 353. See also *Mellott* v. *Messmore, supra.*

It is accordingly ordered that the same be dismissed.