JASPER & CHICAGO MOTOR EXPRESS, INC. *v.* ZIFFRIN TRUCK LINES, INC.

[No. 19,576. Filed March 7, 1961. Rehearing denied April 5, 1961. Transfer denied May 24, 1961, with opinion, 175 N. E. 2d 20. Petition to amend assignment of errors and motion to reinstate appeal denied September 28, 1961.]

*John E. Lesow* and *James E. Lesh,* both of Indianapolis, for appellant.

*R. Stanley Lawton, Alan H. Lobley,* and *Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, for appellee.

Ax, C. J.—Appellee (plaintiff below), Ziffrin Truck Lines, Inc., on April 12, 1960, brought this action in the Marion Superior Court against Louis Ziffrin and Jasper & Chicago Motor Express, Inc., alleging that the defendants conspired to destroy appellee's motor carrier business in areas where appellee and appellant compete. Both appellee and appellant are federally-certified motor common carriers.

In its complaint appellee prayed for a permanent injunction enjoining: (1) the defendant Louis Ziffrin from inducing customers of appellee to transfer their business from appellee; (2) the appellant Jasper & Chicago Motor Express, Inc. from accepting any shipments from persons who were appellee's customers at the time the suit was commenced; (3) the defendant Louis Ziffrin from inducing any employee of appellee to leave its employment; and (4) enjoining appellant Jasper & Chicago Motor Express, Inc. from employing any person employed by appellee.

Upon the issues formed by the complaint and answer, the court found for the appellee (plaintiff) and further found and decided that an injunction should issue against the defendants until June 1, 1963. Under the terms of said judgment and decree, essentially—

1. Louis Ziffrin was enjoined (a) from soliciting any present employee of appellee to leave its employ, and from (b) soliciting for Jasper & Chicago Motor Express,

Inc., or any carrier, traffic which he had solicited or serviced for appellee from February 23, 1960 to April 12, 1960.

2. Appellant, Jasper & Chicago Motor Express, Inc., was enjoined from:

(a) Soliciting for employment with it "any present employee" of appellee.

(b) Employing "any present employee" of appellee.

(c) Soliciting or accepting for shipment directly, or through interline, any traffic of five stated shippers from specified points.

Thereafter, within time, appellant filed a motion to modify the judgment and a motion for new trial, alleging that the decision of the court was not sustained by sufficient evidence and was contrary to law. Upon the overruling of both motions by the court, appellant proceeded to set in motion this appeal, filing within time the transcript and assignment of errors containing two specifications, one claiming error of the court in overruling the appellant's motion to modify the judgment, and the other essentially that the court below erred in assuming jurisdiction over appellant's operation in interstate commerce over its federally certified routes.

Appellee, thereafter within thirty days, appeared in this court specially and filed a motion to dismiss this purported appeal for lack of jurisdiction, for the reason that the appellant has failed to name in its assignment of errors either as an appellant or appellee, Louis Ziffrin, its co-defendant below who was also a party to the judgment below.

It has long been recognized that a failure to name a co-defendant in the assignment of errors is a jurisdic-

tional defect. This was recognized in *Rogowski* v.
*Kaelin* (1942), 111 Ind. App. 584, 41 N. E. 2d
954, where the court said at page 585:

> "Appellant does not by his assignment of errors
> attempt to make any of his codefendants below, all
> of whom were co-parties to the judgment, parties
> here. This court is therefore without jurisdiction.
> *Thompson* v. *C. C. C. & St. L. Rwy. Co.* (1938), 105
> Ind. App. 97, 11 N. E. 2d 81; *State ex rel. Michael*
> v. *Cooper* (1936), 101 Ind. App. 588, 198 N. E. 119;
> *Voss* v. *Balz* (1932), 203 Ind. 221, 179 N. E. 552."

While there was some question of whether this prin-
ciple was still applicable after the revision of Supreme
Court Rule 2-6 in 1943, this court in *Allmon et al.*
v. *Review Board of Indiana Employment Secur-
ity Division, etc., et al.* (1953), 124 Ind. App. 212,
116 N. E. 2d 115, held that Rule 2-6 still required that
all parties to the judgment be named as parties on ap-
peal. In enunciating that principle this court there said
at page 216:

> "In the case of *Moore* v. *Franklin et al.* (1896),
> 145 Ind. 344, 44 N. E. 459, the court announced the
> general rule to be that all parties to a judgment
> must be made parties in the assignment of errors
> on an appeal, and, if not, the appeal will be dis-
> missed. See also *Woodfill and Others* v. *The Town
> of Greensburgh* (1862), 18 Ind. 203.
>
> "It was further held in the case of *Smith* v. *Fair-
> field* (1901), 157 Ind. 491, 61 N. E. 560, as follows:
>
>> " 'It has been often and uniformly held by this
>> court that when part only of joint judgment de-
>> fendants take a vacation appeal under . . ., all
>> the persons jointly bound must be named in the
>> assignment of error as appellants.' (See cases
>> cited.)
>
> "It has been decided many times by this and the
> Supreme Court that the assignment of errors con-
> stitutes the appellant's complaint and that the full
> names of all the parties must be set out in the as-

signment of errors. *Gunn* v. *Haworth* (1902), 159 Ind. 419, 64 N. E. 911, and cases cited therein. See also *Second Nat. Bank of Robinson, Ill.* v. *Scudder* (1937), 212 Ind. 283, 6 N. E. 2d 955. The rule is further announced in the case of *Gourley* v. *Embree* (1894), 137 Ind. 82, 36 N. E. 846, as follows:

> " 'The assignment of errors constitutes the appellant's complaint in the Supreme Court, and by it he must bring the proper parties before the court, and properly set forth the causes upon which he relies for relief. A failure to do any of these things is fatal to his standing in court. He cannot have a lawsuit by himself, nor can he select from the parties to the final judgment such as he chooses to name, and omit the others. He must name all who are affected by the judgment appealed from. If he has not done so, the assignment of error will be held unavailing whenever the defect is brought to the notice of the court'."

In 1958, the Supreme Court adopted the same rule in *Baugher et al.* v. *Hall, Receiver, etc.* (1957), 238 Ind. 170, 147 N. E. 2d 591. It is thus clear that the Rules of the Supreme Court still require that all parties to the judgment below be named as parties in the assignment of errors.

The appellant in its brief opposing the motion to dismiss of Ziffrin Truck Lines, Inc., takes the position that its co-defendant below, Louis Ziffrin, need not have been named a party on appeal because he is neither a party "seeking relief by the appeal" nor a party "to the judgment whose interests are adverse to the interests of the appellant's under Rule 2-6."

This argument is not only unsupported by the cases, but ignores Supreme Court Rule 2-3, which reads in part as follows:

> ". . . All parties to the record in the trial court shall be parties on appeal without further notice. . . ."

It is apparent that the appellant, in its argument, has chosen to ignore the command of Rule 2-3 that its co-defendant below, Louis Ziffrin, shall be a party on appeal. Rule 2-6 provides for the naming of the parties, but it does not specify who the parties shall be. Who the parties to the appeal shall be is set out in Rule 2-3, and that rule provides that all parties to the record below, including Louis Ziffrin in this case, shall be parties on appeal.

Once the command of Rule 2-3 is considered, it becomes clear that there is no merit in the appellant's argument that Louis Ziffrin is not a party "to the judgment whose interests are adverse to the interests of the appellant's . . ." Louis Ziffrin is a party to this appeal. Louis Ziffrin has chosen not to claim error in the judgment of the trial court and thus has accepted the judgment of the trial court. Jasper & Chicago Motor Express, Inc., has not accepted the judgment of the trial court and has chosen to appeal that judgment. Because Louis Ziffrin has accepted the judgment of the trial court, his interests are adverse to those of the appellant, Jasper & Chicago Motor Express, Inc., which has chosen to contest the judgment of the trial court. Therefore, since Louis Ziffrin has chosen not to appeal and should be a party pursuant to Rule 2-3 since he was a party to the record below, he should have been named as an appellee pursuant to Rule 2-6.

The failure of Jasper & Chicago Motor Express, Inc. to name Louis Ziffrin as a party to the appeal also affects the appellee, Ziffrin Truck Lines, Inc.'s right to assign cross-errors in regard to Louis Ziffrin. An examination of the record below shows that Ziffrin Truck Lines, Inc. sought an injunction against Louis Ziffrin taking any action to cause or induce any present customers of Ziffrin Truck Lines, Inc. to transfer their

business from Ziffrin Truck Lines, Inc. The judgment of the trial court did not grant Ziffrin Truck Lines, Inc. as broad an injunction against Louis Ziffrin as it had sought. It only enjoined Louis Ziffrin from soliciting a limited number of its customers. If Ziffrin Truck Lines, Inc. wishes to raise this failure to grant a broad injunction against Louis Ziffrin, it would do so by assigning cross-errors in this appeal. Rule 2-6, after providing for the naming of parties in the assignment of errors, then states in regard to the assignment of cross-errors:

". . . Assignment of cross-errors shall use the same title, . . ."

If Louis Ziffrin is not named as a party in the assignment of errors, the appellee, Ziffrin Truck Lines, Inc., cannot assign its cross-errors as to the judgment against Louis Ziffrin. Therefore, the attorneys for Jasper & Chicago Motor Express, Inc., and Louis Ziffrin, cannot, as they suggest, waive Louis Ziffrin's right to be a party to the appeal since they cannot waive Ziffrin Truck Lines, Inc.'s right to assign cross-errors against him.

Judge Myers, speaking for this court in its recent opinion filed on January 11, 1961, on the petition for rehearing in *Wilson* v. *Kings' Estate* (1961), 131 Ind. App. 412, 171 N. E. 2d 485, said:

"It has been said many times that the assignment of errors is in the nature of a complaint by the appellant in the appellate tribunal. Flanagan, Wiltrout and Hamilton's *Indiana Trial and Appellate Practice*, §2382, page 152, and authorities cited therein; *Bolden* v. *State* (1956), 235 Ind. 695, 131 N. E. 2d 301. Without a proper assignment of errors this court acquires no jurisdiction over the subject-matter of the appeal. *Baugher et al.* v. *Hall, Receiver, etc.* (1958), 238 Ind. 170, 147 N. E. 2d 591.

> Where there is a failure to properly name parties, either as appellants or appellees, the assignment of errors is defective and ineffectual. Such requires a dismissal of the appeal. *Baugher et al.* v. *Hall, Receiver, etc., supra; Cook* v. *Albrecht et al.* (1957), 127 Ind. App. 457, 143 N. E. 2d 121. . . ."

Louis Ziffrin was a co-defendant of Jasper & Chicago Motor Express, Inc., and a party to the judgment below. Louis Ziffrin should be a party to this purported appeal pursuant to Rule 2-3. Because Louis Ziffrin has chosen to accept the judgment of the court below, his interest is adverse to that of Jasper & Chicago Motor Express, Inc., which chose not to accept the judgment. Therefore, Louis Ziffrin should have been named an appellee pursuant to Rule 2-6. Since he was not so named, the assignment of errors is defective and ineffectual. To hold otherwise would deprive Ziffrin Truck Lines, Inc. of its right to assign cross-errors as to the judgment against Louis Ziffrin.

This defect in the assignment of errors being jurisdictional, we are obliged to dismiss this appeal.

Appeal dismissed.

### OPINION ON MOTION TO REINSTATE APPEAL.

PER CURIAM.—The appellant has filed a petition seeking permission to amend the assignment of errors and also a motion to reinstate appeal on the docket of this court.

In reviewing the entire record before us, it appears that on March 7, 1961, this court ordered a dismissal of the appellant's appeal, said opinion of this court being found in 172 N. E. 2d 586; thereafter, the appellant filed a petition for a rehearing, which this court denied on April 5, 1961.

On May 24, 1961, our Supreme Court, in a per curiam decision, denied the appellant's petition to transfer. See

*Jasper & Chicago Motor Express, Inc. v. Ziffrin Truck Lines, Inc.* (1961), 241 Ind. 643, 175 N. E. 2d 20. Although in denying said transfer, the Supreme Court disapproved the statement made in our original opinion based upon Rule 2-6 of the Supreme Court which they amended on the 28th of June, 1960.

Generally, our Supreme Court does not write an opinion in denying transfer; however, they sometimes do, and, in so doing, may disapprove a statement, or ■ statements made in this court's opinions. See *Citizens Independent Tel. Co.* v. *Davis* (1951), 229 Ind. 217, 97 N. E. 2d 490, and, also, Flanagan, Wiltrout and Hamilton's *Indiana Trial and Appellate Practice,* §2873 supplement, and authorities cited therein.

The Supreme Court, although disapproving a statement made in this court's opinion relating to Rule 2-6, denied transfer on the grounds that "after the appellant's attention was called to the defect in the parties named in the assignment of errors, no application or attempt was made to amend, as provided in the above quoted rule."

Therefore, since the Supreme Court denied transfer, this cause is no longer *in fieri* in either court, but has been completely and finally disposed of and we ■ have no jurisdiction to grant the petition of the appellant.

Petition for leave to amend the assignment of errors and motion to reinstate appeal denied.

NOTE.—Reported in 172 N. E. 2d 586. Petition to amend assignment of errors and motion to reinstate appeal denied, 177 N. E. 2d 338. Transfer denied, 175 N. E. 2d 20.