Smith *v.* Fairfield.

---

SMITH ET AL. *v.* FAIRFIELD ET AL.

[No. 19,394.  Filed October 11, 1901.  Petition to reinstate denied November 26, 1901.]

APPEAL AND ERROR.—*Vacation Appeal.—Parties.*—In order to give the Supreme Court jurisdiction of an appeal taken in vacation, the assignment of errors must contain the full names of all parties affected by the judgment.  *p. 493.*

SAME.—*Vacation Appeal.—Parties.*—Inserting in the caption of an assignment of errors in a vacation appeal, as appellees, the names of judgment defendants jointly bound with the appellants is unwarranted by the statute relating to appeals, and is of no effect.  *p. 493.*

SAME.—*Vacation Appeal.—Parties.*—When part only of judgment defendants take a vacation appeal, under §647 Burns 1901, all of the persons jointly bound must be named in the assignment of errors as appellants.  *p. 493.*

From Allen Circuit Court; *Edward O'Rourke,* Judge.

From a judgment in favor of Willard A. Fairfield and others establishing a drain, the remonstrators, Annie A. Smith and others, appeal.  *Appeal dismissed.*

*S. R. Alden,* for appellants.

*T. E. Ellison,* for appellees.

HADLEY, J.—This is a vacation appeal from a proceeding under the drainage law of 1881 for the construction of a ditch. Appellees present fourteen reasons, for each of which, they insist, this appeal should be dismissed. One of these reasons is defect of parties appellant. The record is anomalous, but when fully understood exhibits the facts following: On April 9, 1897, before the county commissioners, upon the filing of the viewers' report, seventeen persons filed a joint and several remonstrance. The remonstrance having been decided against them, fourteen of the remonstrators executed a bond and appealed to the Allen Circuit Court. In the circuit court, on November 29, 1897, four of said remonstrators, namely, Dallas and Mary Branstrator, and Newton and Catherine Kimmel, "filed their written withdrawal and consent that said ditch may be established as found by the board of commissioners." On February 8, 1899, the four persons so withdrawing, without it appearing how they were relieved of their previous formal withdrawal and assent to the proceeding, and eleven others, refiled in the circuit court the remonstrance filed by them before the commissioners April 9, 1897. The issues presented by the remonstrance were tried and determined in the circuit court adversely to the remonstrators, and a general judgment rendered establishing the ditch, and "that the petitioners recover of the remonstrators their costs", etc., whereupon said four persons and eleven others of the remonstrators filed their joint and several motion and reasons for a new trial, which motion was overruled, and the same four persons and ten other co-remonstrants prayed an appeal to this court. In the assignment of error here the names of these four persons appear in the caption in a long list of appellees, but they do not appear as appellants in the caption, or anywhere in the body of the assignment. From the files it is shown that the four had notice, and the Kimmels appeared and filed their declination to join in the appeal. But nothing is shown with respect to the action of the Branstrators.

Smith *v.* Fairfield.

To give this court jurisdiction of an appeal taken in vacation the assignment of error must contain the full names of all parties affected by the judgment, since we have no power to disturb a joint judgment without disturbing it as to all, and have no jurisdiction to disturb it as to those who are not parties to the appeal. *Gourley* v. *Embree,* 137 Ind. 82; *Big Four, etc., Assn.* v. *Olcott,* 146 Ind. 176; *McClure* v. *Shelburn Coal Co.,* 147 Ind. 119; *Barnett* v. *Bromley Mfg. Co.,* 149 Ind. 606; Ewbank's Manual, §126.

Inserting in the caption of an assignment of error, as appellees, the names of judgment defendants jointly bound with the appellants, amounts to nothing. It is assigning them an attitude wholly inconsistent with their relation to the case, and is unwarranted by the statute relating to appeals. It has been often and uniformly held by this court that when part only of joint judgment defendants take a vacation appeal under §647 Burns 1901, §635 R. S. 1881 and Horner 1897, all the persons jointly bound must be named in the assignment of error as appellants. *Gregory* v. *Smith,* 139 Ind. 48; *Benbow* v. *Garrard,* 139 Ind. 571; *Inman* v. *Vogel,* 141 Ind. 138; *Ledbetter* v. *Winchel,* 142 Ind. 109; *Vordermark* v. *Wilkinson,* 142 Ind. 142, 146; *Denke-Walter* v. *Loeper,* 142 Ind. 657; *Midland R. Co.* v. *St. Clair,* 144 Ind. 363; *Roach* v. *Baker,* 145 Ind. 330; *Lowe* v. *Turpie,* 147 Ind. 652, 37 L. R. A. 233; *McKee* v. *Root,* 153 Ind. 314.

What the effect may be of the appearance of the Kimmels and their refusal to join in the appeal, we do not decide, since the absence of the Branstrators, in any event, will defeat the appeal. Appeal dismissed.