## BROWN ET AL. *v.* SULLIVAN ET AL.

[No. 19,343. Filed March 19, 1902.]

APPEAL AND ERROR.—*Vacation Appeal.*—*Parties.*—*Dismissal.*—In order to give the Supreme Court jurisdiction of an appeal taken in vacation, all coparties to the judgment, with appellants, should be made co-appellants, or the appeal will be dismissed.

From Madison Superior Court; *H. C. Ryan,* Judge.

From a judgment in favor of Martha J. Sullivan and others establishing a drain the remonstrators, Levi P. Brown and others, appeal. *Appeal dismissed.*

*T. Bagot, A. Ellison* and *C. K. Bagot,* for appellants.

*W. A. Kittinger, E. D. Reardon* and *W. S. Diven,* for appellees.

MONKS, J.—This was a drainage proceeding commenced in the Madison Circuit Court by Martha J. Sullivan and others. After the report of the drainage commissioners was filed, an agreement was made between all the parties, which was approved and ratified by the court and adopted as its finding, and the report of the drainage commissioners set aside, and the matter referred to new commissioners for report. Afterwards, a report was filed by said commissioners, and notice to the new parties made by said report was ordered and given. A part of the new parties brought in by the said last report filed remonstrances. The venue of said cause was then changed to the court below. The cause was tried by the court, and judgment rendered establishing said proposed work, and approving the assessments, damages, and benefits stated in the report of the drainage commissioners as the same were modified by the court. From this judgment appellants, being only a part of the coparties thereto, appeal.

Appellees move to dismiss the appeal for the reason that all the parties to the judgment appealed from, who are necessary parties appellant, have not been made appellants in this court.

It is settled law in this State that, to give this court jurisdiction of this appeal, the same being a vacation and not a term appeal, appellants should have made all their coparties to the judgment appealed from co-appellants with them in this court, and served notice of the appeal upon such coparties, as required by §647 Burns 1901, §635 Horner 1901; *Smith* v. *Fairfield,* 157 Ind. 491, and cases cited; *Owen* v. *Dresback,* 154 Ind. 392, 394, and cases cited; *McKee* v. *Root,* 153 Ind. 314, and cases cited; *Midland R. Co.* v. *St. Clair,* 144 Ind. 363, 367, and cases cited.

Elizabeth Sommerville, Job Dean, and the DePauw

Plate Glass Company were among those who filed remonstrances after the last report of the drainage commissioners. At the trial of said cause the court found in favor of the petitioners, and against the said Sommerville, Dean, and DePauw Plate Glass Company, as well as against Levi P. Brown and some other remonstrants, on their remonstrances, and rendered judgment accordingly. Under the well-settled rule, said Sommerville, Dean, DePauw Plate Glass Company, and all other coparties to the judgment with appellants, should have been made co-appellants in this court. This not having been done, this court has no jurisdiction to determine this appeal upon its merits. *Smith* v. *Fairfield,* 157 Ind. 491, and cases cited; *Denke-Walter* v. *Loeper,* 142 Ind. 657; *North* v. *Davisson,* 157 Ind. 610.

Appellees' motion to dismiss the appeal is therefore sustained.

Appeal dismissed.