Harrison v. Western Construction Co.—41 Ind. App. 6.

---

## HARRISON, TRUSTEE, ET AL. v. WESTERN CONSTRUCTION COMPANY.

[No. 6,145. Filed January 7, 1908.]

1. APPEAL.—*Motion to Dismiss.—Jurisdiction.*—A formal motion to dismiss an appeal is not necessary, where the Appellate Court has no jurisdiction. p. 7.
2. SAME.—*Parties.*—Where all of the parties affected by the judgment appealed from are not made parties on appeal, the appeal will be dismissed. p. 7.
3. INFANTS.—*Parties.—Street Improvement Liens.—Guardian and Ward.*—An infant owner of real estate is a necessary and proper party to a suit for the foreclosure of a street-improvement lien affecting such property, her guardian being neither a necessary nor a proper party thereto. p. 8.
4. SAME.—*Guardian and Ward.—Duties.*—The guardian should appear and defend for his ward; but in actions affecting the ward's title, the ward is the proper party, and process must be served upon such ward the same as upon an adult. p. 8.

From Superior Court of Marion County (69,255); *John L. McMaster*, Judge.

Suit by the Western Construction Company against Russell B. Harrison, trustee, and others. From a decree for plaintiff, Russell B. Harrison, trustee, and another appeal. *Appeal dismissed.*

*Russell B. Harrison* and *Milton L. Clawson,* for appellants.

*Wilson & Townley,* for appellee.

RABB, J.—This suit was brought in the court below against Russell B. Harrison, trustee, Mary Harrison McKee and Elizabeth Harrison. The complaint alleges that these parties are the owners as tenants in common of certain real estate in the city of Indianapolis, and asserts a street-improvement lien against this property. Such proceedings were had in the court below as resulted in a finding and decree against all of said parties, declaring a lien on said premises in appellee's favor, and directing the sale of the premises to pay and satisfy the same. Russell B. Harrison, as trustee, and Mary Harrison McKee, have taken a vacation appeal to this court, without making a party thereto their codefendant, Elizabeth Harrison, and while no

1. formal motion to dismiss the appeal has been made in this court, appellee insists that it is the duty of this court to dismiss such appeal for want of jurisdiction.

It has been decided so often that, unless all parties affected by the judgment appealed from are parties the appellate court has no jurisdiction to hear and determine

2. such appeal, the question is not an open one. *Vordermark* v. *Wilkinson* (1895), 142 Ind. 142; *Rosenbower* v. *Schuetz* (1895), 141 Ind. 44; *Gregory* v. *Smith* (1894), 139 Ind. 48; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534; *Kemp* v. *Prather* (1905), 36 Ind. App. 382; *Polk* v. *Johnson* (1906), 167 Ind. 548; *Nordyke & Marmon Co.* v. *Fitzpatrick* (1904), 162 Ind. 663; *Smith* v. *Fairfield* (1901), 157 Ind. 491; *Inman* v. *Vogel* (1895), 141 Ind. 138; *Hutts* v. *Martin* (1895), 141 Ind. 701.

In the case of *Smith* v. *Fairfield, supra,* the Supreme Court said: "To give this court jurisdiction of an appeal taken in vacation the assignment of error must contain the full names of all parties affected by the judgment, since we have no power to disturb a joint judgment without disturbing it as to all, and have no jurisdiction to disturb it as to those who are not parties to the appeal."

In the case of *Michigan Mut. Life Ins. Co.* v. *Frankel, supra,* the court said: "The fact that appellee did not move to dismiss this appeal until after the submission of the cause to this court and the filing of her brief on the merits of the action cannot serve as a waiver nor a bar to the dismissal of the appeal. * * * The question is one relating to jurisdiction, and is therefore a matter which neither the parties to the appeal nor the court itself can waive or disregard."

The only answer to this point offered by appellants is that Elizabeth Harrison, the omitted party, was an infant, and not a proper party to the case, it being contended that her guardian should have been made a party defendant. This is fallacious. Elizabeth Harrison, though an infant, was both a proper and necessary party defendant to the action, even though she was a minor and under guardianship, and the guardian would be neither a proper nor a necessary party to the action.

It is true that it is the duty of a guardian to defend actions brought against his ward, and for that purpose he has the right, and it is his duty, to appear in the case and make such defense. On his failing to do so, the court appoints a guardian *ad litem* to conduct the defense for the infant. All actions seeking to affect the title of the infant to real estate must be brought directly against the infant, and process must be served upon such infant precisely the same as though it were an adult; otherwise the court obtains no jurisdiction to render a decree that would bind either the infant or its interest in the property sought to be

affected. *Pugh* v. *Pugh* (1857), 9 Ind. 132; *Carver* v. *Carver* (1878), 64 Ind. 194; *Roy* v. *Rowe* (1883), 90 Ind. 54.

The appeal is therefore dismissed.