## BELK ET AL. *v.* FOSSLER ET AL.

[No. 6,973. Filed November 5, 1908.]

1. APPEAL.—*Vacation.*—*Parties.*—In vacation appeals, a party appealing must name, as appellants, all of his coparties to the judgment. p. 481.

2. SAME.—*Vacation.*—*Parties.*—All parties entitled to appeal from a judgment must be made appellants in a vacation appeal. p. 481.

3. SAME. — *Vacation.*—*Parties.*—*Plaintiffs.*—*Cross-Complainants.*— Where plaintiffs sue several defendants for the foreclosure of a mortgage, obtaining a decree against all of them, and some of the defendants file cross-complaints naming the plaintiffs and their codefendants as cross-defendants, a cross-complainant against whom judgment was rendered on the cross-complaint, in taking a vacation appeal, should name the defendants in the original suit as coäppellants. p. 482.

From Cass Circuit Court; *John S. Lairy,* Judge.

Suit by Charles Fossler and others against Tacey B. Belk and others. From a decree for plaintiffs, and the cross-defendants, defendant and cross-complainant Lovejoy appeals. On motion to dismiss appeal. *Motion overruled.* (For decision on merits, see — Ind. App. — .)

*Charles E. Hale* and *Frank V. Guthrie,* for appellant Lovejoy.

*Antrim & McClintic* and *Myers & Yarlott,* for appellees.

Hadley, J.—Appellees sued appellants on a note and mortgage, asking for a personal judgment against appellant Tacey B. Belk, and for a decree of foreclosure against all of the defendants. Each of the defendants answered said complaint by a general denial and two set up affirmative matter. Appellants Lovejoy, Belk and Bird each filed a cross-complaint against plaintiffs and their codefendants. Issues were joined and trial had upon said complaint and cross-complaint, and judgment rendered in favor of appellees for a personal judgment against appellant Belk and a decree against all of the other defendants, foreclosing the mortgage and declaring appellees' mortgage to be prior to all other mortgages set up in the different cross-complaints. Judgment was also rendered in favor of all of the defendants against their codefendant Lovejoy, upon her cross-complaint. Said Lovejoy prosecutes this appeal, joining her codefendants as appellants, and making the plaintiffs in the original suit appellees.

Motion has been made to dismiss the appeal for the reason that all of the appellants except Lovejoy should have been made appellees. This is a vacation appeal, and

1. it is well settled that in vacation appeals a party appealing must make all of his coparties to the judgment coäppellants in the appeal, giving proper notice to such appellants of such appeal. This proposition is not disputed, and the determination of the question at issue hinges upon who are coparties.

In the case before us, appellees obtained a decree against all of the defendants upon every contested issue. To this decree all of the appellants were coparties, and

2. from it each of said parties had the right of appeal. The appellants, other than Lovejoy, obtained judg-

ment in their favor against appellant Lovejoy. From this only Lovejoy had the right of appeal, and from this somewhat complicated situation it is rather difficult to apply the rule of appeals as before laid down. The true and equitable test would seem to be the rule as laid down in some of the decisions, "that all parties who are entitled to appeal from the judgment must be joined as coäppellants in one and the same appeal." *Wood* v. *Clites* (1895), 140 Ind. 472; *Ledbetter* v. *Winchel* (1895), 142 Ind. 109; *Gregory* v. *Smith* (1894), 139 Ind. 48; *Lee* v. *Mozingo* (1896), 143 Ind. 667.

It is true that the application of this rule may sometimes present a case like the present one, where appellants may be interested in preserving the judgment instead of reversing it; but in such case such appellants may refuse to join, and may ask that the judgment be affirmed and thus protect their interests. On the other hand, the right to an appeal must be given everyone, as there can be but one appeal taken from one judgment, and in this case each of said appellants has the right to appeal from the judgment rendered against him. If he has not been made an appellant his right to appeal is lost.

In judgments like the present, where the same party has won and lost, all of the rights of such party can be protected by making him an appellant, while all of his rights would not be protected by making him an appellee. In this case the assignment of errors assails the whole judgment; that is, it assigns errors in the court in overruling demurrers to the original complaint, as well as other errors. In such case all of the parties who were coparties to the judgment with the party taking the appeal should be made appellants and properly served with notice, even though the same judgment was, in some particular, in favor of such coäppellants.

Motion to dismiss overruled.