NOTE.—Reported in 112 N. E. 780.

CRUMPACKER ET AL. *v.* MANHATTAN LUMBER COMPANY ET AL.

[No. 22,681. Filed May 10, 1916. Rehearing denied November 10, 1916.]

1. APPEAL.—*Jurisdiction over Parties.*—*Assignment of Errors.*—The assignment of errors is the complaint in the Supreme Court, and the only parties adverse to appellants in the judgment appealed from over whom jurisdiction is acquired are those named as appellees in the assignment of errors.  p. 494.

2. APPEAL.—*Defect of Parties.*—*Affirmance.*—Where parties adverse to appellant in the judgment appealed from are not made appellees in the Supreme Court, it has no power to reverse the judgment. p. 494.

From Jasper Circuit Court; *C. W. Hanley,* Judge.

Action by the Manhattan Lumber Company and others against Peter Crumpacker and others. From the judgment rendered, the defendant named and certain other defendants appeal. *Affirmed.*

*Robert C. Martin, McAleer Bros., Crumpacker & Crumpacker, Charles W. Miller, John A. Gavit, James R. Malone, William A. Cain, Harris & Ressler* and *Armanis F. Knotts,* for appellants.

*William J. Whinery, John D. Kennedy, D. E. Kelley* and *G. R. Williams*, for appellees.

ERWIN, J.—The appellee, Manhattan Lumber Company, brought its suit to foreclose a mechanic's lien and for a personal judgment against appellants. A number of other parties were made defendants to the original complaint, including Timothy W. Englehart and Warren J. Sheets. All the parties to the original complaint filed answers and a large number, including appellants, filed cross-complaints, making appellee Manhattan Lumber Company and the codefendants to the original complaints defendants to the cross-complaints. Of the parties defendants, so made parties to the cross-complaints, were Englehart and Sheets aforementioned. The court trying the case found for the defendants Englehart and Sheets against the plaintiff (appellees) on its complaint and appellants on their cross-complaint, and rendered judgment accordingly. In the assignment of errors in this court neither Englehart nor Sheets are made parties to this appeal either as appellants or appellees, and are not before this court in this proceeding.

The assignment of errors is the complaint in this court, and the only parties adverse to appellants in the judgment appealed from, over whom 1. jurisdiction is acquired, are those named therein as appellees. If such adverse parties to the appeal are not made appellees in this court, the court has no power to reverse the judg- 2. ment, because this court has no power to disturb the judgment without changing it as to all in whose favor it was rendered and, as this court has no power to disturb the judgment as to those who are not before the court, it can not disturb it at all. *Lauster* v. *Meyers* (1908), 170 Ind. 548, and cases cited on page 549, 84 N. E. 1087.

Pittsburgh, etc., R. Co. *v.* Pence—185 Ind. 495.

For failure to make Englehart and Sheets'parties appellees, the judgment is affirmed.

NOTE.—Reported in 112 N. E. 525.