## PHILLIPS *v*. BALL ET AL.

[No. 9,703. Filed December 13, 1916.]

1. APPEAL.— *Vacation.*— *Statute.*— *Coparties.*— The word "coparties," as used in §674 Burns 1914, Acts 1899 p. 5, relating to vacation appeals, which provides that a part of several coparties may appeal but must serve notice on all the other parties, means coparties to the judgment appealed from. p. 227.

2. APPEAL.—*Vacation.*—*Parties.*—*Coappellants.*—On a vacation appeal all parties against whom judgment was rendered must be made coappellants or the appeal will be dismissed. p. 227.

3. APPEAL.— *Dismissal.*—*Determination.*— *Defect of Parties.* — In passing on a motion to dismiss an appeal for defect of parties the court can only consider the question whether all the parties were properly before the court on the day of submission, even though it appears from the record that the party whom it is claimed should have been made a coappellant could not have appealed because more than 180 days had elapsed between the time of overruling the motion for a new trial and the filing of the motion to dismiss the appeal. p. 228.

4. APPEAL.—*Parties.*—*Defect.*—*Waiver.*—Where, in a vacation appeal, a defendant to whom the judgment appealed from was adverse was not made a coappellant in the assignment of errors, the defect in parties was not waived by the principal defendant, who moved to dismiss the appeal, joining in an agreement for immediate submission of the cause, since the defect in parties was jurisdictional, and could be waived only by the party affected by the judgment. p. 229.

5. APPEAL.—*Vacation.*—*Parties.*—*Defect.*—*Jurisdiction.*—*Dismissal.* —Where, in an action against several defendants to foreclose a real-estate mortgage, the judgment, from which a vacation appeal was taken, decreed that one of the defendants had no interest in the land in controversy, such defendant had a right to appeal, and should have been made a coappellant in the assignment of errors, and notified, as provided in §674 Burns 1914, Acts 1899 p. 5, relating to vacation appeals, and where the appeal was taken without making him a coappellant, it must be dismissed for want of jurisdiction. (*Rooker* v. *Fidelity Trust Company* [1915], 185 Ind. 172, distinguished.) p. 229.

From Elkhart Superior Court; *James L. Harman,* Judge.

Action by Effie I. Phillips against Fernando W. Ball and

others. From the judgment rendered, the plaintiff appeals. *Appeal dismissed.*

*C. C. Raymer* and *Carlton T. Olds,* for appellant.

*Proctor & Calley,* for appellees.

McNutt, J.—This was an action in the court below by appellant against appellees Fernando W. Ball and Mary A. Ball, his wife, and Sidney A. Uncapher and R. C. Beck, whose christian name is alleged to be unknown.

The complaint alleges, in substance: That on May 16, 1912, Uncapher purchased certain real estate described, and thereupon Fernando W. Ball loaned him $1,700 and, as security, received a conveyance of said real estate; that at the same time said Ball and Uncapher entered into a contract which provided, in substance, that the former should reconvey said real estate upon payment of said loan, with interest, together with the taxes on the real estate; that if said Uncapher failed to perform said contract, then it should be considered a lease of the premises; that on October 29, 1913, said Ball assigned said contract to appellant and conveyed to her said real estate to secure a loan of $1,700, which sum said Ball agreed to pay in case of Uncapher's failure; that defendant Beck claimed some right, title and interest in said real estate and claimed to hold an assignment of said contract, and he was made a party defendant to answer to his interest, if any. The prayer asks for a personal judgment against Ball and Uncapher; that the contract be declared forfeited and annulled as to any rights and interests of defendants Uncapher and Beck, and that appellant's deed be declared a mortgage and be foreclosed.

Said Fernando W. Ball filed an answer in denial and also a cross-complaint against defendant Uncapher. The cross-complaint was afterwards withdrawn and said Ball filed a disclaimer as to the real estate. Defendant Mary Ball filed a disclaimer. Defendant Beck was served by

publication notice and was defaulted. Defendant Uncapher filed an answer in denial. The cause was submitted to the court and, after hearing the evidence, the court rendered the following judgment, which follows the finding: "It is therefore considered, ordered and adjudged by the court that said plaintiff take nothing as to the defendants, Ball and Ball.

"It is further ordered, adjudged and decreed by the court that the defendant, R. C. Beck, has no interest in or to the real estate described in the plaintiff's complaint or in the contract set forth therein.

"It is further considered, adjudged and decreed by the court that the contract described and set forth in plaintiff's complaint be, and the same is hereby declared forfeited and determined as to the defendant, Uncapher, and that said defendant, Uncapher, has no further right, title or interest in and to said contract and the real estate.

"And it is further ordered, adjudged and decreed by the court that said plaintiff do have and recover of and from said defendant, Sidney A. Uncapher, her costs and charges herein laid out and expended, taxed at——dollars."

Afterwards plaintiff filed her motion for a new trial and in the title of said motion she named all of the original defendants. The reasons assigned are: (1) The decision of the court is contrary to law; (2) the decision of the court is not sustained by sufficient evidence, and the other reasons assigned relate to the admission and rejection of evidence.

This is a vacation appeal, as authorized by §674 Burns 1914, Acts 1899 p. 5, which is as follows: "A part of several co-parties may appeal to the supreme or appellate court, but in such case they must serve written notice of the appeal upon all the other co-parties or their attorneys of record, and file proof thereof with the clerk of such court, and whenever it shall be made to appear to such court by satisfactory proof that such other co-parties, or

any of them, are not residents of the state and have no attorneys of record in the court below, or that such attorneys can not be served with such notice in the state, the court may order that notice of the pendency of the appeal be given to such non-resident co-parties in some newspaper printed and published in the state, for three weeks successively; after which, if proper notice has been given the appellees, the court shall proceed in all respects as if said non-resident co-parties had been personally served with notice of said appeal. After notice to said co-parties in either of the ways provided in this section, unless they appear and decline to join in said appeal, they shall be regarded as properly joined, and shall be liable for their due proportion of the costs. If they decline to join, their names may be stricken out, on motion; and they shall not take an appeal afterwards, nor shall they derive any benefit from the appeal, unless from the necessity of the case, except persons under disabilities; *Provided, however,* That nothing in this act shall be construed to repeal or modify an act entitled, An act in relation to appeals to the supreme and appellate courts, approved March 8, 1895 (Acts of 1895, page 179), or any part thereof, but the provisions of said act shall continue in force the same as if it had been enacted after the taking effect of this act.''

It has been frequently held that ''coparties,'' as used in said section providing for vacation appeals, means coparties to the judgment. *Hadley* v. *Hill* (1881),

1. 73 Ind. 442; *Hildebrand* v. *Sattley Mfg. Co.* (1900), 25 Ind. App. 218, 57 N. E. 594. ''It is well settled that in vacation appeals all parties against whom judgment was rendered must be made coappellants in this court,

2. or the appeal will be dismissed, for the reason that in such case we have no jurisdiction to determine the case on its merits.'' *Brown* v. *Brown* (1907), 168 Ind. 654, 656, 80 N. E. 535. See, also, *Polk* v. *Johnson* (1906), 167 Ind. 548, 78 N. E. 652, 79 N. E. 491; *Chicago, etc., R.*

*Co.* v. *Walton* (1905), 165 Ind. 642, 74 N. E. 988; *Moore* v. *Ferguson* (1904), 163 Ind. 395, 72 N. E. 126; *Rich Grove Tp.* v. *Emmett* (1904), 163 Ind. 560, 72 N. E. 543; *Haymaker* v. *Schneck* (1902), 160 Ind. 443, 67 N. E. 181; *North* v. *Davisson* (1901), 157 Ind. 610, 62 N. E. 447; *Brown* v. *Sullivan* (1901), 158 Ind. 224, 63 N. E. 302; *Mellott* v. *Messmore,* (1901), 158 Ind. 297, 63 N. E. 451; *Smith* v. *Fairfield* (1901), 157 Ind. 491, 61 N. E. 560; *Owen* v. *Dresback* (1899), 154 Ind. 392, 56 N. E. 22, 848; *McKee* v. *Root* (1899), 153 Ind. 314, 54 N. E. 802; *Crist* v. *Wayne,. etc., Assn.* (1898), 151 Ind. 245, 51 N. E. 368; *Midland R. Co.* v. *St. Clair* (1896), 144 Ind. 363, 42 N. E. 214; *Shuman* v. *Collis* (1896), 144 Ind. 333, 43 N. E. 257; *Gregory* v. *Smith* (1894), 139 Ind. 48, 38 N. E. 395; *Holloran.* v. *Midland R. Co.* (1891), 129 Ind. 274, 28 N. E. 549; *Mascari* v. *Hert* (1912), 52 Ind. App. 345, 100 N. E. 781; *Helberg* v. *Dovenmuehle* (1905), 37 Ind. App. 377, 76 N. E. 1020; *Harrison* v. *Western Construction Co.* (1907), 41 Ind. App. 6, 83 N. E. 256; *Continental Ins. Co.* v. *Gue* (1912),.51 Ind. App. 232, 98 N. E. 147; *Belk* v. *Fossler* (1908), 42 Ind. App. 480, 85 N. E. 990.

In the last cited case the court said: "The true and equitable test would seem to be the rule as laid down in some of the decisions, 'that all parties who are entitled to appeal from the judgment must be joined as coappellants in one and the same appeal.'"

It is contended by appellant that it affirmatively appears that more than 180 days have elapsed between the time of overruling the motion for a new trial and the filing

3. of the motion to dismiss and, therefore, said Beck could not possibly appeal. In passing on the motion to dismiss we can only consider the question whether all the parties were properly before the court on the day of submission.

It is further contended by appellant that because appellee Uncapher, who moves to dismiss the appeal, has joined in

Phillips *v.* Ball—63 Ind. App. 224.

an agreement for immediate submission of the cause, he has waived the defect of parties, but the defect of parties which has been pointed out involves the jurisdiction of the court to hear and determine the cause on its merits and such question cannot be waived, except by the party who is affected by the judgment. This proposition is so well settled that citation of authority is unnecessary.

Appellant relies upon the case of *Rooker* v. *Fidelity Trust Co.* (1915), 185 Ind. 172, 109 N. E. 766, to support his contention that it was unnecessary to include said Beck as a party to this appeal. An examination of the Rooker case, and especially the record in the case, discloses that two of the defendants in Rookers' complaint filed disclaimers. This action on their part took them out of the case. Neher, the other defendant, was defaulted and the court found that he had no interest in the real estate, but the court renders no judgment against him, except that Rookers recover their costs. The judgment appealed from in the Rooker case was the judgment of the Fidelity Trust Company against the Rookers on said company's cross-complaint which was against the Rookers alone. Under the facts, therefore, in the Rooker case it was not necessary to make Neher a party to the appeal, and the Supreme Court so held. The case does not support appellant's contention. In the instant case the judgment was against Beck, and from this judgment he had a right to appeal. He should have been made a coappellant in the assignment of errors and notified as provided in said section. Because of his absence as such a party we have no jurisdiction to determine the cause on its merits. The appeal is, therefore, dismissed.

Note.—Reported in 114 N. E. 647.