THOMPSON ET AL. v. A. J. THOMPSON STONE COMPANY.

[No. 11,836.   Filed April 30, 1924.]

1. APPEAL.—*Jurisdiction.*—*Must Be Considered Though Not Questioned by Parties.*—The jurisdiction of an appellate tribunal must be considered by the court though not questioned by the parties.   p. 445.

2. APPEAL.—*Vacation Appeals.*—*How Taken.*—*Statute.*—Section 681 Burns 1914, §640 R. S. 1881, provides two methods of taking vacation appeals:   (1) by the service of notice in writing on the adverse party, or his attorney, and also on the clerk of the trial court, and thereafter filing the transcript and assignment of errors with the clerk of the Supreme Court; (2) by procuring from the clerk of the trial court a transcript of the record and proceedings in the suit and filing the same in the office of the clerk of the Supreme Court, who issues notice of the appeal to the appellee.   p. 446.

3. APPEAL.—*Vacation Appeal.*—*Notice to Appellee.*—*How Given.* —When a vacation appeal is taken by serving notice below, the notice of appeal must be served before the transcript is filed, and must be served on the party or his attorney and on the clerk of the trial court; if the transcript has been filed in the office of the clerk of the Supreme Court and notice has not theretofore been given, the clerk must issue notice to the appellee, and this notice must be served on the appellee in person, and cannot be served on his attorney.   p. 446.

4. APPEAL.—*Right of Appeal Statutory.*—*Statute Must Be Complied With.*—The right of appeal is statutory, and one availing himself of the privilege must comply with the statute authorizing appeals.   p. 447.

5. APPEAL.—*Jurisdiction.*—*Presumption as to.*—*Burden of Establishing.*—No presumption of jurisdiction attaches to appel-

late tribunals, and the burden rests upon the appellant to comply with the statute regulating the manner of taking appeals so as to establish jurisdiction of his appeal. p. 447.

6. APPEAL.—*Time for Appeal.—Statutes Limiting Are Jurisdictional and Mandatory.—Cannot Be Extended by Agreement.*— Statutes limiting the time in which an appeal can be taken are jurisdictional and mandatory; the time cannot be extended by agreement of parties. p. 448.

7. APPEAL.— *Jurisdiction.— Perfection of Appeal.— Appellee's Failure to Move to Dismiss.—Effect.*—The failure of appellee to move to dismiss an appeal because not perfected in time does not confer jurisdiction on the appellate tribunal. p. 448.

8. APPEAL.—*Vacation Appeals.—Jurisdiction of Parties Not Obtained.—Dismissal by Court.*—In a vacation appeal, where the appellant has taken no steps to bring all the necessary parties before the appellate tribunal, the court, on its own motion, will dismiss the appeal for want of jurisdiction. p. 448.

9. APPEAL.—*Vacation Appeals.—Submission.—Notice Necessary. —Statute.*—Under the provisions of §693 Burns 1914, Acts 1885 p. 219, in a vacation appeal, there can be no submission of an appeal for decision until notice has been given to the appellee or he has appeared therein. p. 449.

10. MASTER AND SERVANT.—*Workmen's Compensation Law.—Industrial Board.—Appeals From.—Submission.—Statute.*—Section 61 of the Workmen's Compensation Law, as amended in 1917 (Acts 1917 p. 154, §61, §8020s2 Burns' Supp. 1921), providing that appeals from the Industrial Board shall be "submitted" on the date filed, means that the clerk shall immediately refer an appeal from said board to the court for determination, subject to the rules for filing briefs. p. 450.

11. APPEAL.—*Submission.—All Parties Must Be Before the Court.—Notice to Appellee.*—An appeal cannot be submitted until all parties are before the court, and a vacation appeal cannot be submitted when the appellee has had no notice of the appeal and has not appeared. p. 450.

12. MASTER AND SERVANT.—*Workmen's Compensation Act.—Industrial Board.—Appeals From.—Submission.—Statute.*—Section 61 of the Workmen's Compensation Act, as amended in 1917 (Acts 1917 p. 154, §61, §8020s2 Burns' Supp. 1921), providing that appeals from said board shall be "submitted" on the date filed, does not apply to vacation appeals taken by filing the transcript in the office of the clerk of the Appellate Court and having notice to the appellee issued therefrom, but can only apply to term-time appeals and vacation appeals in which notice was given to appellee before the transcript was filed. p. 450.

13. MASTER AND SERVANT.—*Workmen's Compensation Act.—Intention of Legislature.*—It was the intention of the legislature, in enacting the Workmen's Compensation Act, to provide for compensation to injured workmen and their dependents with expedition and with a minimum of legal procedure.    p. 451.

14. STATUTES.—*Construction.—Conflicting, Provisions.*—In construing a statute, where the provisions thereof apparently conflict, it is the duty of the court to reconcile them, if possible, so as to sustain the act and carry out its purpose.    p. 451.

15. MASTER AND SERVANT.—*Workmen's Compensation Act.—Industrial Board.—Vacation Appeals.—How Taken.*—A vacation appeal from an award of the Industrial Board can only be taken by the service of a notice on the appellee, or his attorney before the board, and on the clerk or secretary of the board, and thereafter filing the transcript and assignment of errors with the clerk of the Appellate Court within thirty days from the date of the award, and cannot be taken by first filing the transcript with the clerk and thereafter causing notice to be issued and served on the appellee.    p. 452.

From Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act by Hazel King Thompson and other claimants, opposed by the A. J. Thompson Stone Company, employer.    The Industrial Board denied an award, and claimants appeal.    *Appeal dismissed.*

*Joseph E. Henley* and *George W. Henley,* for appellants.

*Joseph W. Hutchinson* and *Howe S. Landers,* for appellee.

McMAHAN, J.—On August 15, 1923, the Industrial Board made an award denying appellants compensation, and September 14, they filed a transcript of the proceedings and an assignment of errors with the clerk of this court.    No appeal bond was filed and no notice of the appeal was served prior to the filing of the transcript. At the time of filing the transcript, appellants filed a precipe for notice to appellee.    The clerk issued notice

on that day and on September 20, the same was served by the sheriff of this court on the attorney who represented appellee before the Industrial Board. The clerk entered an order of submission September 14, as required by §61 of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921, as amended, Acts 1917 p. 154, §8020s2 Burns' Supp. 1921. Appellants filed their briefs November 17, and on November 20, appellee filed a motion to strike appellants' briefs from file and to dismiss the appeal, because the briefs were not filed within sixty days after submission, as required by rule of the court.

The record presents a preliminary and a more serious question than that presented by the motion to dismiss, a question as to whether we have jurisdiction

1. of the appeal. This we must consider, though not raised by the parties. If we have no jurisdiction of the appeal, the question as to when the briefs were filed is of no importance, and need not be considered. If we should assume jurisdiction by ruling on the motion to dismiss, that might be accepted as an implied holding that an appeal from the Industrial Board may be taken by filing the transcript and assignment of errors with the clerk of this court and thereafter causing notice to be served on the appellee.

The only authority for taking appeals from an award of the Industrial Board is found in said §61, Acts 1917 p. 154, *supra.* *Kramer* v. *Miller* (1917), 65 Ind. App. 127. This section, as originally enacted, after providing that an award by less than the full board if not reviewed by the full board, and that an award of the full board should be conclusive and binding as to all questions of fact, provided that either party to the dispute might "within thirty days from the date of the award, appeal to the Appellate Court for errors of law

under the same terms and conditions as govern appeals in ordinary civil actions", and that the board might, of its own motion, certify questions of law to this court for decision and determination. This section was materially amended in 1917, Acts 1917 p. 154, *supra,* and now provides that: "All such appeals * * * shall be submitted upon the date filed in the Appellate Court, shall be advanced upon the docket of said court, and shall be determined at the earliest practicable date, without any extensions of time for filing briefs."

Generally speaking, §§675 and 681 Burns 1914 (§1, Acts 1895 p. 176, and §640 R. S. 1881) fix the terms and conditions which govern appeals in civil actions.

A casual reading of the section, authorizing an appeal from the Industrial Board would seem to indicate that all of the provisions of the Civil Code relating to appeals in civil cases apply to appeals from the Industrial Board, and unless there is something indicating otherwise, we would have no hesitancy in so holding.

Sections 675 and 681 Burns 1914, *supra,* provide three methods of taking appeals in civil cases. Section 675 Burns 1914, *supra,* provides for what is known 2, 3. as term-time appeals. Section 681 Burns 1914, *supra,* provides two methods of taking vacation appeals. Under this section, a vacation appeal in civil cases can be taken by "the service of notice in writing on the adverse party or his attorney, and also on the clerk of the court in which the proceedings were had," and thereafter filing the transcript and assignment of errors with the clerk of the Supreme Court. A vacation appeal in such cases may also be taken "by procuring from the clerk of the court a transcript of the record and proceedings in the suit, or so much as is embraced in the appeal, and filing the same in the office of the clerk of the Supreme Court, who shall endorse thereon the time of filing, and issue a notice of the appeal to

the appellee." Under the first method of perfecting a vacation appeal, the notice of appeal must be served before the transcript is filed, and it may be served on the *party or the attorney* who represented him in the lower court. A like notice must be served on the clerk of the trial court. If such attorney has been discharged and no longer has authority to represent his former client and the party serving has knowledge of such fact, such notice served on the attorney is of no avail. *Walker* v. *Johnson* (1916), 62 Ind. App. 550; *Thompson* v. *Newsom* (1913), 52 Ind. App. 444; *Masters* v. *Abbitt* (1912), 51 Ind. App. 429; *Rose* v. *Owen* (1906), 37 Ind. App. 125; *Richardson* v. *Pate* (1883), 93 Ind. 423. If the transcript has been filed and notice has not theretofore been served, the last clause of §681 Burns 1914, *supra*, requires that the clerk shall issue notice to the appellee. This notice must be served on the *appellee*. Serving this notice on the attorney has been held not sufficient to confer jurisdiction over the person of the appellee. *Tate* v. *Hamlin* (1895), 149 Ind. 94; *Abshire* v. *Williamson* (1908), 149 Ind. 248; *Bozeman* v. *Cale* (1893), 139 Ind. 187; *Kreuter* v. *English Lake Land Co.* (1902), 159 Ind. 372; *Thompson* v. *Newsom*, *supra*.

The right of appeal is statutory, and a party desiring to avail himself of such privilege must comply with the statute authorizing the appeal. *Kramer* v.

4, 5. *Miller, supra.* As was said in *Brown* v. *Brown* (1907), 168 Ind. 654, "The right of appeal is given by statute, or it does not exist. In acquiring jurisdiction over a particular cause this court does not exercise its inherent powers, but must exact a compliance with statutory provisions." Since no presumption of jurisdiction attaches to appellate tribunals, the burden rests upon the appellant to bring himself within a reasonable construction of the statute authorizing an

appeal. *Hite* v. *Hinsel* (1887), 39 La. Ann. 113, 1 So. 415.

Statutes limiting the time in which an appeal can be taken are jurisdictional and mandatory. *Williams* v. *Long* (1900), 130 Cal. 58, 62 Pac. 264, 80 Am. St. 68; *Daley* v. *Anderson* (1897), 7 Wyo. 1, 48 Pac. 839, 75 Am. St. 870, Elliott's Appellate Proc. 111, 128; Ewbank's Manual (2d ed.) §§101, 107. See *Daugherty* v. *Payne* (1911), 175 Ind. 6.03; *Barney* v. *Elkhart County Trust Co.* (1906), 167 Ind. 505.

Time for taking an appeal cannot be extended by agreement of the parties. *Flory* v. *Wilson* (1882), 83 Ind. 391; *Holloran* v. *Midland R. Co.* (1891), 129 Ind. 274. If the parties cannot by agreement extend the time in which an appeal can be taken, the failure of the appellee to move a dismissal on the ground that the appeal was not perfected in time will not confer jurisdiction. Where an appellant, in a vacation appeal, has taken no steps within the time fixed for taking such appeal to bring all the necessary parties before the appellate tribunal, the court, on its own motion, will dismiss the appeal for want of jurisdiction. *Abshire* v. *Williamson, supra.* "The serving of the notice and filing of the proof are essential to the jurisdiction of the appellate court." *National Surety Co.* v. *Button* (1908), 41 Ind. App. 301. "It is a fundamental maxim in our jurisprudence that before any court can proceed to adjudicate upon any subject-matter, it must first acquire jurisdiction over all persons whose rights will be necessarily affected by such adjudication." *Vordermark* v. *Wilkinson* (1895), 142 Ind. 142; *Abshire* v. *Williamson, supra.*

The Supreme Court of Ohio in speaking on this subject said: "But a proceeding in error is an independent action adversary in character, and the court cannot acquire jurisdiction of the case until the defendant is

legally brought before it." *Craig* v. *Welply* (1922), 104 Ohio St. 312, 136 N. E. 143.

Keeping these general principles in mind let us determine the force and effect of the act of 1917, Act 1917 p. 154, *supra,* amending §61 of the Workmen's Compensation Act.

If the second method of perfecting vacation appeals, that is, by filing the transcript in the clerk's office and thereafter causing notice to be issued and served on the appellee, is not applicable to appeals from the Industrial Board, this appeal must be dismissed. It is important to keep in mind that prior to the amendment of said §61, a term-time appeal was not submitted or referred to the court until thirty days after the appeal was perfected, that vacation appeals were not submitted until thirty days after notice, but that, after said amendment in 1917 (Acts 1917 p. 154, *supra*) the statute granting the right of appeal provided that the appeal should be "submitted upon the date filed in the Appellate Court, shall be advanced upon the docket of said court and shall be determined at the earliest practicable date, without any extensions of time for filing briefs."

The legislature evidently intended there should be no unnecessary delay in the time of taking or in the determination of such appeals. Appeals in civil cases

9. can be taken within one hundred eighty days from the final disposition of the cause, but an appeal from the Industrial Board must be taken within thirty days. Section 693 Burns 1914, §639 of the Code, as amended in 1885, Acts 1885 p. 219, provides that appeals in civil cases unless otherwise ordered by the court shall "be regarded as submitted for decision at the expiration of thirty days from the date of service of notice upon the appellee of the taking of the appeal,

or when such notice is waived and appellee enters a general appearance, or the appeal is taken in term time and perfected within the time limited, within thirty days after the record is filed and notice as above required is given in the supreme court." Under this section, there could be no submission of a cause in a vacation appeal until notice had been given. Ewbank's Manual (2d ed.) §176; Elliott's Appellate Proc. §§431, 432, 435. A vacation appeal is not in a condition to be heard on its merits unless the statutory notice has been given or the parties have appeared. *Bozeman* v. *Cale, supra; State, ex rel.,* v. *East* (1883), 88 Ind. 602. As was said by this court in *Thompson* v. *Newsom, supra:* "In order to give this court jurisdiction of an appeal, notice must be given to all necessary parties, and if no notice is given and there is no appearance, a submission may be set aside and the appeal dismissed."

The provision that appeals from the Industrial Board shall be "submitted" upon the date when filed must be construed as meaning that the clerk shall immediately refer such appeals to the court for determination, subject, of course, to the rules of the court in regard to the filing of briefs. The word "submission", when applied to a controversy or action in court, means to refer it to, or to place it before, the court for determination. Black's Law Dict.; Anderson Law Dict.; *Miller* v. *Wolf* (1884), 63 Iowa 233, 18 N. W. 889; *Board of Education* v. *Board, etc.* (1909), 150 N. C. 116, 61 S. E. 724.

Since no submission can take place until all of the parties are before the court, it follows that a cause in this court on appeal taken in vacation cannot be submitted when the appellee has had no notice of the appeal. The legislature knowing that the law requires notice before an appeal could be submitted for determination, certainly did not intend to provide

for a forced or statutory submission of an appeal from the Industrial Board before the court had jurisdiction of the appellee. It is clear that when the legislature provided that such appeals should be submitted on the day when filed, it had reference to appeals taken under §675 Burns 1914, *supra,* and known as term-time appeals, and to appeals taken under the first provision of §681 Burns 1914, *supra,* providing for service of notice on the appellee or his attorney, and on the clerk, and that it was the legislative intent that all vacation appeals from the board should be in condition to be submitted on the date when filed and that the latter part of said §681 Burns 1914, *supra,* requiring the clerk to issue notice to appellee should not apply to such appeals. Any other construction of the statute would, without doubt, render the provision requiring the appeal to be submitted on the date filed void and of no effect.

We are strongly impressed with the idea that it was the intention of the legislature to provide for compensation with expedition and with a minimum of legal procedure. *Union Sanitary Mfg. Co.* v. *Davis* (1917), 63 Ind. App. 548. As was said in *Carl Hagenback, etc., Shows Co.* v. *Leppert* (1917), 66 Ind. App. 261, where the provisions of a statute apparently conflict, it is the duty of the court to reconcile them, if possible, so as to sustain the act and carry out its purpose.

In the trial court a cause is submitted, that is, referred to a jury or to the court for determination of the matters in dispute after, and only after, the parties are in court and when the cause is ready for determination. Likewise on an appeal to this court, the cause cannot be submitted or referred to this court for determination until all the parties to be affected by such appeal are in court.

We, therefore, hold that a vacation appeal from an

award of the Industrial Board can only be taken by the service of a notice on the appellee or his attorney before the board, and on the clerk or secretary of the board, and thereafter filing the transcript and assignment of errors with the clerk of this court within thirty days from the date of the award, and that such appeal cannot be taken and perfected by first filing the transcript with the clerk and thereafter causing notice to be issued and served on the appellee.

The appeal is therefore dismissed for want of jurisdiction.

Dausman, P. J., dissents.

Nichols, J., concurs with opinion.

### CONCURRING OPINION.

NICHOLS, J.—In a nut-shell, this case is as follows: The record was filed in this court September 14, 1923, at which time, appellants filed praecipe for notice which was issued, and thereafter, to wit, on September 20, 1923, served. Appellants' briefs were filed November 17, 1923. Appellee has filed its motion to dismiss the appeal for the reason that the briefs were not filed in time, contending that as the record was filed September 14, 1923, under the statute, the cause was submitted on that date, and that the sixty days time within which appellants might file their briefs expired on November 13, 1923. Appellants contend that they had sixty days from September 20, 1923, the date of service of notice, and that, therefore, the briefs were in time.

Section 61 of the Workmen's Compensation Act, Acts 1917 p. 154, §8020s2 Burns' Supp. 1921, provides that either party may appeal from the award of the Industrial Board within thirty days from the date of such award, and that such appeal shall be governed by terms

and conditions as in ordinary civil actions. The section further provides that such appeals shall be submitted upon the date filed in the Appellate Court, and that they shall be advanced on the docket and determined at the earliest practicable date, without any extension of time for filing briefs.

Rule 21 of the Supreme and Appellate Courts expressly provides that appellants shall have sixty days after submission within which to file briefs. It is suggested that there could be no submission until after notice was served, but the statute expressly provides a method of serving notice before the transcript is filed, and knowing that the cause must, under the statute, be submitted on the day the transcript is filed, it was incumbent upon appellants to serve their notice accordingly. Appellants' time for filing briefs expired November 13, 1923, and the same not being filed until November 17, 1923, appellee's motion to dismiss the appeal must be sustained. As to the merits attempted to be presented by this appeal, see *In re Raynes* (1917), 66 Ind. App. 321, 118 N. E. 387.