TRI STATE LOAN AND TRUST COMPANY *v.* FELL ET AL.

[No. 12,549. Filed April 22, 1927. Rehearing denied June 28, 1927. Transfer denied December 9, 1927.]

1. APPEAL.—*All heirs of testator are necessary parties to appeal from judgment setting aside will.*—On appeal from a judgment setting aside a will because of the testator's unsoundness of mind, the heirs at law, being interested in the maintenance of the judgment, should be made parties, and, under Rule 6 of the Supreme and Appellate Courts, they must all be joined as appellees. p. 606.

2. APPEAL.—*Interest in maintaining judgment determines whether one shall be party to appeal.*—The test for determining whether a party shall be made a party to an appeal is whether he is interested that the judgment appealed from be maintained. p. 606.

3. APPEAL.—*All persons interested in maintaining the judgment must be joined as appellees.*—All persons interested in maintaining the judgment appealed from should be joined as appellees, as an appellate tribunal has no jurisdiction to disturb a judgment as to those in whose favor it was rendered who are not parties to the appeal. p. 606.

4. APPEAL.—*Appeal will be dismissed where appellate tribunal does not have jurisdiction of all interested parties.*—Where an appellate tribunal does not have jurisdiction of the parties whose rights and interests are affected by the judgment appealed from, the appeal will be dismissed. p. 607.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Action by James Fell and others against the Tri State Loan and Trust Company, as executor and trustee, and others, to set aside the will of Julia Poinsette. From a judgment setting aside the will, the named defendant appeals. *Appeal dismissed on motion to that effect.* By the court in banc.

*Aiken, Grant & Aiken,* for appellant.

*John W. Eggeman* and *William N. Ballou,* for appellees.

NICHOLS, J.—Action by appellees against appellant, both as executor and trustee, Franklin A. Trick, Robert Wayne Trick, Florence Neuhans, Joseph Smith, Cath-

erine Cameron and Frank Trick, to set aside the will of Julia Poinsette, deceased. There was a trial by jury, which returned a verdict for plaintiffs' and that the testatrix at the time of making the will involved was of unsound mind and incapable of making the same. Appellant filed a motion for a new trial, which was overruled by the court, after which judgment was rendered setting aside the will of deceased, and the probate thereof, from which this appeal. The judgment was in favor of the heirs at law of Julia Poinsette, deceased, and against the beneficiaries under the will so set aside.

These heirs at law are appellees James F. Fell, Mary McMacken and Rachel Trevey, brother and sisters, and the children of a deceased sister, to wit: appellees John Smith, and Albert Smith, and Frank Trick, Joseph Smith, nephews, and Catherine Cameron, a niece, all of whom were parties below and, except Frank Trick, who filed a disclaimer, should all have been made appellees in the assignment of error, which is the complaint on appeal. But the assignment of error fails to make Joseph Smith, Catherine Cameron and Frank Trick, appellees. For this failure, appellees move to dismiss the appeal, contending earnestly that all parties to the judgment whose interests are adverse to those of the appellant must be made parties to the appeal. There is merit in this contention, as to Smith and Cameron. Rule 6 of the Supreme and Appellate Courts provides that the assignment of error shall contain the full name of all the parties to the judgment and process, when necessary, shall issue accordingly.

The test for choosing who shall be made parties is this: Has the party an interest that the judgment appealed from be maintained? The parties omitted as appellees mentioned in the motion were heirs at law of Julia Poinsette, the decedent, and were not beneficiaries under the will. The judgment setting

aside the will was, therefore, a judgment in their favor and for their benefit, and necessarily it is to their interest that the judgment be maintained. It cannot be reversed without affecting their interests. This court has no jurisdiction to disturb a judgment as to those in whose favor it was rendered and who are not parties to the appeal. Ewbank's Manual of Practice §149, p. 319; *Crumpacker* v. *Manhattan Lumber Co.* (1916), 185 Ind. 493, 112 N. E. 525; *Lauster* v. *Meyers* (1908), 170 Ind. 548, 84 N. E. 1087; *Gladieux* v. *Johns* (1916), 62 Ind. App. 338, 113 N. E. 320; *Phillips* v. *Ball* (1916), 63 Ind. App. 224, 114 N. E. 647.

If a court does not have jurisdiction of the parties whose rights and interests are affected by the judgment, the appeal will be dismissed. *Makeever* v. *Makeever* (1917), 65 Ind. App. 677, 117 N. E. 691; *Phillips* v. *Ball, supra; Thompson* v. *A. J. Thompson Stone Co.* (1924), 81 Ind. App. 442, 144 N. E. 150.

We have no discretion in the matter. The appeal is dismissed.

Dausman, J., absent.