## KAISER v. ANDREWS.

[No. 12,366.    Filed June 16, 1927.]

APPEAL.—*All parties in whose favor judgment was rendered must be made appellees or appeal will be dismissed.*—Where the judgment was in favor of two parties, they must both be made appellees or the court will not have jurisdiction and the appeal will be dismissed.

From Monroe Circuit Court; *Herbert A. Rundell,* Judge.

Action by James Andrews and another against Emery Kaiser. From a judgment for plaintiffs, the defendant appealed, making James Andrews alone a party to the appeal. *Appeal dismissed.* By the court in banc.

*Robert Miers, Slinkard & Slinkard* and *Edwin Corr,* for appellant.

*James W. Noel, Hubert Hickam, Alan W. Boyd, Robert D. Armstrong, Willis Hickam, Sr.* and *Willis Hickam, Jr.,* for appellee.

ENLOE, J.—Of the several questions presented in this case, but one, viz.: the question of the jurisdiction of this court, need be considered. The record shows the following proceedings in this case as had in the court below, as shown by order-book entry, viz.: '

"Be it further remembered that on the 18th. day of October, 1924, the same being the 36th. judicial day of the September Term, 1924, the following further proceedings were had and held in said cause, to wit:

"James Andrews,
"Susie E. Andrews,
            V            NO. 12819.
"Emery Kaiser,

"* * *. And the court being now duly advised in the premises overrules said motion for a new trial of this cause, to which ruling of the court said defendant duly excepts at the time thereof.

"It is therefore considered, ordered, adjudged

and decreed by the court that the plaintiffs, James Andrews and Susie E. Andrews, do have and recover of and from the defendant, Emery Kaiser, the sum of Five Hundred ($500.00) Dollars, and their costs and charges herein paid, laid out and expended and taxed at $............, with relief from valuation and appraisement laws of the State of Indiana."

The appeal in this case was prosecuted as a vacation appeal and the only person named as "appellee" in the assignment of errors is "James Andrews." No notice of any kind or character had been served upon Susie E. Andrews, and no steps whatever have been taken to make her a party to this appeal. She being a party to the judgment and directly interested therein and not being a party to this appeal, we have no jurisdiction and the appeal must be dismissed. *Crumpacker* v. *Manhattan Lumber Co.* (1916), 185 Ind. 493.

Appeal dismissed.