## CHADBOURNE *v.* CHADBOURNE.

[No. 13,569.   Filed November 14, 1929.]

*Little, Little, Horn & Boyden,* for appellant.

*James M. Ogden,* Attorney-General, *V. Ed Funk,* Deputy Attorney-General, and *Judson Stark,* Prosecuting Attorney, for the State.

MCMAHAN, C. J.—This is an action by Nellie Chadbourne against Charles W. Chadbourne for divorce. The defendant, being a nonresident of the state, was notified of the pendency of the action by publication. The defendant was defaulted, after which the prosecuting attorney, in behalf of and in the name of the State, resisted and defended the action.   From a judgment denying a divorce, the plaintiff appealed.

This is a vacation appeal.   The transcript was filed with the clerk of this court February 26, 1929.   The

only notice of this appeal was one given the prosecuting attorney on January 22, 1929. No other notice of the appeal has been given, and no steps have been taken to give any other notice.

Section 700 Burns 1926, §635 Civil Code, makes provision for vacation appeals and provides that such an appeal may be taken by the service of a notice in writing on the *adverse party* or *his* attorney, and also on the clerk of the trial court, or by filing the transcript in the office of the clerk of this court, who shall indorse thereon the time of filing, and issue a notice of the appeal to the appellee. When a party undertakes to give notice of appeal before the transcript is filed, the notice must not only be served on the appellee or *his* attorney, but it must also be served on the clerk of the court from which the appeal is taken. *Thompson* v. *Thompson Stone Co.* (1924), 81 Ind. App. 442, 144 N. E. 150. No notice of this appeal having been given to the clerk of the trial court, we are not required to determine the effect of the notice to the prosecuting attorney.

Appeal dismissed.